309 So.2d 51 (1975)
William BOOTH, Appellant,
v.
JOE LOMBARDI, INC., et al., Appellees.
No. 73-856.
District Court of Appeal of Florida, Second District.
March 5, 1975.
Sumner & Tyner, Dade City, for appellant.
Walter W. Manley, Lakeland, for appellees.
HOBSON, Acting Chief Judge.
Appellant appeals a "final judgment" denying his claim of lien under Chapter 713 of the Florida Statutes. Appellant, a subcontractor under appellee Green, the prime contractor to furnish limerock for a roadbed, brought this action to enforce the claim of lien against appellees Lombardi and for a money judgment against appellee Green. The "final judgment" appealed is in fact an interlocutory order in a suit formerly cognizable in equity and, therefore, we treat this cause as an interlocutory appeal. The interlocutory judgment appealed does not determine the issues raised by appellant against appellee Green and, therefore, such issues are still in the bosom of the trial court. The trial court held that appellant substantially complied with § 713.08, F.S. but that he was not in privity with the owner and that he had failed to comply with § 713.06(2) of the Mechanics' Lien Law. The lower court heard the evidence of the parties on the issue or privity and resolved the conflicts therein in favor of the appellees Lombardi. We have carefully reviewed the evidence and can find no legal reason for overruling the chancellor's conclusion that no such privity existed.
Appellant contends that under § 713.04 of the Mechanics' Lien Law, in order to perfect his claim of lien he does not have to be in privity with the owner or give notice to the owner under § 713.06(2). We cannot agree with appellant that he *52 was not required to give notice to the owner under § 713.06(2). Said section provides:
"All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner... ." [emphasis supplied]
The appellant, not having complied with § 713.06(2), was not entitled to any relief against the appellees Lobardi and, therefore, the judgment denying such relief is affirmed. Appellant's claim for damages against appellee Green not having been determined by the judgment appealed, is still pending in the trial court.
Affirmed.
SCHEB, J., concurs.
BOARDMAN, J., dissents.