358 So.2d 225 (1978)
AMERICAN FIRE AND CASUALTY COMPANY, Appellant,
v.
DAVIS WATER & WASTE INDUSTRIES, INC., d/b/a Davis Meter & Supply Company, a Corporation, Clement J. Ford, Jr., Bobby E. Greene and Roy J. Meadows, D/B/a Ford, Greene & Meadows Properties, a Florida General Partnership, and Roy J. Meadows, Inc., Appellees.
No. 77-134.
District Court of Appeal of Florida, Fourth District.
April 25, 1978.
Rehearing Denied May 24, 1978.
Hugh M. Palmer of Welbaum, Zook, Jones & Williams, Orlando, for appellant.
Leighton D. Yates, Jr. and Patrick T. Christiansen of Maguire, Voorhis & Wells, P.A., Orlando, for appellees Davis Water and Waste Industries, Inc.
LETTS, Judge.
The rulings of the trial judge are affirmed. In this case we are once again asked to consider the vexing mechanics liens questions of: first, notice to owners, and second, the transfer of liens to bond. As to the first question, we hold that notice to owners need not be given when the materials furnished relate to subdivision improvements. Second, we hold that the surety on a lien transferred to bond is not automatically released, one year after the filing of a claim of lien, if suit to enforce same has been filed before the transfer takes place.
There can be no more confusing statute in Florida than the one on liens under Chapter 713. The frequent impracticality of its application in the field, coupled with ill conceived, confusing, patchwork amendments, all topped off by conflicting appellate decisions, have all combined to make life miserable for judges, lawyers, legislators and the vitally affected construction and lending industries.
In the case at bar, materials were furnished for subdivision improvements by a lienor not in privity. Chapter 713.02 Fla. Stat. (1975) defines eight different classes of potential lienors and the ensuing sections chronologically deal with each class. Thus, § 713.03 concerns itself with liens for professional services, § 713.04 applies to subdivision improvement lienors, § 713.05 deals with lienors in privity, and § 713.06 discusses liens of persons not in privity.
The problem before us arises because the appellee, who furnished materials for subdivision improvements, filed no notice to owner and the appellant challenges the trial judge's ruling that he did not have to, in order to perfect his lien. We agree with the trial judge, but concede that the statutory language is confusing because these successive sections of the chapter, quoted *226 above, do not handle the question of notice to owner, uniformly.
Thus we see that:
(1) § 713.03 specifically states that no notice is required.
(2) § 713.04 is silent on whether notice is required or not.
(3) § 713.05 again states that no notice is required.
(4) § 713.06 states that notice to owner is required.
From the above four line analysis, it should be easy to conclude that, because § 713.04 (the one we are here concerned with, re subdivision improvements) does not require notice to owner, the legislature did not intend that such had to be given under that section. However, the lienor in our case was also not in privity with the owner and accordingly the appellant argues that he is therefore also covered by § 713.06, which does require the notice. Nonetheless, it is still our conclusion that notice is not required in this case. The first sentence of § 713.04 begins, "Any lienor who, regardless of whether in privity ... furnishes material to real property for the purpose... ." (emphasis supplied). It is our opinion that by reason of this language, the lienor in the instant case falls squarely under § 713.04 and not § 713.06.
The appellant also argues that since both § 713.03 and § 713.05 specifically state that no notice is required, the concomitant failure to so state in § 713.04 should be interpreted to mean that it is required under this latter section. We reject this argument. Each of these sections is separate and distinct and stands alone. The lienor in this case is not subject to § 713.06(2), which is the only one of these sections requiring notice to owner, because it says that it only applies to "lienors under THIS SECTION" (emphasis supplied). The lienor before us is not subject to that SECTION. The final puzzling question then, is: If each section is separate and stands alone and only § 713.06(2) mandates a notice to owner, why did the legislature under § 713.03 and § 713.05, specifically include language excusing the filing of any such notice? We believe the answer is that it was an unnecessary precaution. Had these two sections remained silent on the subject, the result should have been the same.
By a somewhat different route we note that S. Rakusin in I. Florida Mechanics Lien Manual, § 804(1) 1974, agrees with our conclusion. We also note that the legislature has seen fit to exclude lienors, who furnish materials for subdivision improvements, from the necessity of filing a notice of commencement under § 713.13 (see subparagraph 4 thereof). This exclusion appears to dove tail without our thinking as to the legislative purpose in the case now before us.
By this holding, we recognize that we are in direct conflict with the case of Booth v. Lombardi, Inc., 309 So.2d 51 (Fla. 2d DCA 1975). We also recognize that this question is one which will continue to arise among the plethora of cases on mechanics liens, now reaching the appellate level, as a result of the building down-turn of two years ago. Accordingly, we certify the following determinative question to the Supreme Court of Florida, deeming it to be a question of great public interest:
IS A LIENOR, NOT IN PRIVITY WITH THE OWNER, WHO FURNISHES MATERIALS FOR SUBDIVISION IMPROVEMENTS UNDER § 713.04 OF THE FLORIDA STATUTES (1975) REQUIRED TO SERVE A NOTICE ON THE OWNER AS DIRECTED BY § 713.06(2) OF THE FLORIDA STATUTES (1975)?
The appellant also argues that the joining of the surety company as a defendant in the action was untimely; this because the joinder was not accomplished until 2 1/2 years after the recording of the claim of lien and 2 1/6 years after the transfer of the lien to bond. This argument is not without merit by reason of Chapter 713.24(4) Fla. Stat. (1975), which reads:
"If no proceeding to enforce a transferred lien shall be commenced within the time specified in § 713.22 or if it appears that the transferred lien has been satisfied *227 of record, the clerk shall return said security upon request of the person depositing or filing the same, or the insurer."
We are content, however, that this section clearly intends that any future proceedings be commenced within the year set forth in § 713.22 and does not seek to address itself to the situation where the suit has already been filed prior to the transfer, which was the case here. In other words, since suit has already been filed, a "... proceeding to enforce a transferred lien ..." was in existence within the one year period.[1] As appellee points out, to accept appellant's construction of the statute would destroy its purpose under certain circumstances. For example, imagine an un transferred claim of lien sued upon within the year of filing the claim. If appellant's urging were correct, the defendant in such a case, could lie back and defend the suit (with dilatory tactics if necessary) until the year goes by. Thereupon he should transfer the lien to bond, which would remove the lien from the real estate, yet at one and the same time the bonding company would not be liable on its bond, because more than one year had gone by since the claim of lien was filed. Such a result would be unjust and destructive of the obvious legislative intent. See Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957).
We also hold that the award of attorneys fees was proper and that the remainder of the points on appeal concern themselves with questions of fact from which we perceive no reversible error.
AFFIRMED.
ANSTEAD, J., and TIMOTHY P. POULTON, Associate Judge, concur.
NOTES
[1] We are assuming that the period refers to one year from the filing of the claim of lien as in § 713.22. However, the briefs in this case raise the specter of it being one year from the date of the transfer. While we do not believe the legislature intended the latter, the choice is not crucial in the instant case.