364 So.2d 802 (1978)
BAUMGARTNER CONSTRUCTION COMPANY, INC., a Florida Corporation, and George I. Baumgartner and Doris W. Baumgartner, His Wife, Appellants,
v.
C.L. Harrell, Appellee.
No. JJ-280.
District Court of Appeal of Florida, First District.
November 14, 1978.
*803 George F. Tubb of Jenkins & Tubb, Gainesville, for appellants.
Anderson E. Hatfield, III, Gainesville, for appellee.
MILLS, Judge.

CASE SUMMARY
The appellants (Baumgartners) appeal from a final judgment foreclosing a mechanics lien in favor of appellee (Harrell). We affirm in part and reverse in part.

FACTS
The Baumgartners contracted with "M" Enterprises ("M") to make their real property suitable for improvements as defined in Section 713.04, Florida Statutes (1975). The contract for improvements to the subdivision was in the amount of $180,000. Harrell, and others not parties to this action, subcontracted under "M" for grading, filling and other work. On 14 March 1977, after having been paid $116,500, "M" abandoned the job. "M"'s contract was completed by a third party but the Baumgartners did not file a notice of recommencement after the abandonment.
Harrell's notice to owner was untimely filed and served but he timely filed his claim of lien which was foreclosed by the trial court.
The trial court made the following findings: (1) the payments made by the Baumgartners in completion of the contract were improper payments as to Harrell because the Baumgartners failed to file a notice of recommencement; (2) the Baumgartners were estopped to claim setoff for the costs of completion after abandonment because these items were not pled by way of setoff; (3) Harrell's untimely notice to owner did not bar his statutory claim of lien and foreclosure thereof because subdivision improvements do not require that a notice to owner be filed; (4) there exists a sufficient fund on the original contract ($63,500) to which Harrell's lien attaches and which entitles Harrell's lien to full satisfaction; (5) Harrell's claim of lien was recorded prior to all others and as regards subdivision liens, priorities attach first in time, first in right.

ISSUES
First Issue. Whether a subdivision improvement lienor not in privity with the owner must file and serve notice to the owner in order to perfect his lien.
The Baumgartners (owners) contend that Harrell (subdivision improvement lienor) was not in privity with them and pursuant to Section 713.06(2), Florida Statutes (1975), and Booth v. Lombardi, Inc., 309 So.2d 51 (Fla. 2d DCA 1975), he was required to file and serve notice to owners in order to perfect his lien.
Harrell contends that pursuant to Section 713.04, Florida Statutes (1975), and American Fire & Cas. Co. v. Davis Water & Waste, 358 So.2d 225 (Fla. 4th DCA 1978), he was not required to file and serve a notice to owners in order to perfect his lien.
Second Issue. Whether a subdivision owner is required to file and post a notice of recommencement after abandonment by the general contractor in order for payments on the subsequent work to be proper.
The Baumgartners contend that pursuant to Section 713.07(4), Florida Statutes (1975), a subdivision owner is not required to file and post a notice of recommencement after abandonment.
Harrell contends that Tamarac Village, Inc. v. Bates & Daly Co., 348 So.2d 23 (Fla. 4th DCA 1977), requires the filing and posting of the notice of recommencement.
*804 Third Issue. Whether Section 713.07(1), Florida Statutes (1975), affords the first subcontractor to file a lien against a subdivision a higher priority than that of other claimants under the same contract who timely file their claims.
The Baumgartners contend that the priority of Harrell's lien is governed by Section 713.06(4), Florida Statutes (1975), rather than Section 713.07(1), Florida Statutes (1975).
Harrell contends the priority of his lien is established by Section 713.07(1) but priority is of no consequence here because the Baumgartners failed to plead or prove as a setoff against Harrell's lien the necessary and proper payments made by them to complete the subdivision improvements.

DECISION
First Issue. We affirm. We adopt the reasoning of American Fire and Cas. Co., supra, and reject that of Booth. Notice to owners need not be given when the materials furnished relate to subdivision improvements.
Harrell (lienor) furnished materials for subdivision improvements to the Baumgartners (owners) with whom he was not in privity. Section 713.04 which applies to subdivision improvement lienors does not require notice to owners. Section 713.06(2) which applies to lienors not in privity with owners requires the notice to owners. However, only Section 713.04 applies here because its first sentence clearly states that it applies to lienors, regardless of privity, who furnish materials for subdivision improvements.
Second Issue. We reverse. A subdivision owner is not required to file a notice of recommencement after abandonment of subdivision improvements.
Section 713.13(1), Florida Statutes (1975), requires an owner to file a notice of recommencement after abandonment as does Section 713.07(4) which concludes that the notice be filed as provided in Section 713.13, Florida Statutes (1975). However, Section 713.13(4), Florida Statutes (1975), clearly states that Section 713 does not apply to an owner who is constructing improvements described in Section 713.04.
Third Issue. We affirm. Although the trial court was correct in its holding that under Section 713.07(1), Harrell's lien being the first recorded, attached and took priority at that time, it would make no difference because the Baumgartners failed to plead and prove a setoff against Harrell's lien.
Section 713.07(1) states that liens under Section 713.04 shall attach at the time of recordation and shall take priority at that time. Harrell's claim was the first recorded. Section 713.06(4) is not applicable to the facts of this case because the other lienors were not parties nor were their claims proved at trial.
It is elementary that to obtain a setoff against Harrell's lien the Baumgartners were required to plead and prove the payments made after recommencement were necessary and proper. Although not required to file a notice of recommencement, it was still necessary that the recommencement payments be pled and proved. See Melnick v. Reynolds Metals Co., 230 So.2d 490 (Fla. 4th DCA 1970), and Torres v. MacIntyre, 334 So.2d 59 (Fla. 3d DCA 1976).

JUDGMENT
We affirm in part and reverse in part as stated in the Decision section of this opinion, however, this will not affect the award made to Harrell in the final judgment which we affirm in all respects.
McCORD, C.J., concurs.
BOYER, J., dissents.
BOYER, Judge, dissenting.
I am of the view that the applicable statutes were properly construed by our sister court of the Second District in Booth v. Lombardi, Inc., 309 So.2d 51 (Fla. 2nd DCA 1975), rejected by the majority here. I would hold in conformity with that opinion and reverse.