375 So.2d 582 (1979)
CANAM SYSTEMS, INC., a Delaware Corporation, Appellant-Cross-Appellee,
v.
LAKE BUCHANAN DEVELOPMENT CORPORATION and United General Corporation, Appellees-Cross-Appellants,
v.
UNITED BUILDING SYSTEMS, INC., Paul L. Hennes, Individually, Howard N. Rose, Individually, Samuel Gartner, Individually and Aetna Insurance Company, a Foreign Insurer, Appellees.
No. 78-1008/NT 4-8.
District Court of Appeal of Florida, Fifth District.
August 22, 1979.
Rehearing Denied October 9, 1979.
*583 Irby G. Pugh, Orlando, for appellant-cross-appellee.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellees-cross-appellants.
LETTS, GAVIN K., Associate Judge.
Two Claims of Lien filed under the Mechanics' Lien Statute were transferred to bond within a few days after recordation. Less than two weeks later, the mechanics' lienor filed suit to foreclose his liens but failed to name as defendants, either the surety, or the principals on the bond, until he attempted to do so some 3 years later. In granting a motion to dismiss with prejudice, the trial court noted inter alia that suit against the surety and its principals should have been commenced within one year from the date the lien was recorded. We agree and affirm.
Section 713.24(4), Florida Statutes (1973) provides:
If no proceeding to enforce a transferred lien shall be commenced within the time specified in § 713.22 or if it appears that the transferred lien has been satisfied of record, the clerk shall return said security upon request of the person depositing or filing the same, or the insurer.
In turn, Section 713.22(1), Florida Statutes (1973) provides:
Duration of lien.  No lien provided by part I of this chapter shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.
In the case at bar, no attempt was made to pursue the security of the transferred lien for more than three (3) years after recordation of the claim and the trial court's ruling therefore was obviously correct. The appellants cite American Fire and Casualty Company v. Davis Water & Waste Industries, 358 So.2d 225 (Fla. 4th DCA 1978) as authority for the proposition that the surety and the principals on the bond need not be joined within one (1) year of filing of the claim of lien. However we distinguish that case from the one now before us, because in American Fire the suit was filed before the lien was transferred to bond and, as a result, under Fla.R.Civ.P. 1.260(c) the plaintiff's claim was preserved. We confess however that some of the reasoning in point two of our opinion in American Fire was, to say the least, confusing and to the extent it varies with what we say now, we adopt the better reasoning set forth here.
Moreover, a suit to foreclose a recorded lien naming the real estate sought to be impressed, after transfer to bond is improper. Section 713.24(1), Florida Statutes (1973) clearly provides that upon the filing of a certificate of transfer "... the real property shall thereupon be released from the lien claimed and such lien shall be transferred to said security." This provision was totally ignored in the suit originally filed until some three (3) years after the filing of the certificate. Under the applicable statutes above cited, it is too late now to attempt modification of the pleadings and joinder of new defendants.
The foregoing being dispositive, we do not address any other matters raised by either party.
AFFIRMED.
DOWNEY, JAMES C. and BERANEK, JOHN R., Associate Judges, concur.