377 So.2d 164 (1979)
AMERICAN FIRE & CASUALTY CO., Petitioner,
v.
DAVIS WATER & WASTE INDUSTRIES, INC., Etc., et al., Respondents.
No. 54327.
Supreme Court of Florida.
November 21, 1979.
Hugh H. Palmer of Lawrence, Palmer & Dick, Orlando, for petitioner.
Leighton D. Yates, Jr., of Maguire, Voorhis & Wells, Orlando, for respondents.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for Aetna Insurance Company, Howard N. Rose and Samuel Gartner, amicus curiae.
BOYD, Justice.
This cause is before the Court on petition for certiorari supported by certification of the district court of appeal that its decision passed upon a question of great public interest. American Fire & Casualty Co. v. Davis Water & Waste Industries, 358 So.2d 225 (Fla. 4th DCA 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Defendant Roy J. Meadows, Inc., as general contractor for the construction of certain subdivision improvements, entered into an agreement with Mattingly & Sons, Inc., as subcontractor, for the furnishing and installation of an underground utility system for water distribution and sewage collection. Mattingly & Sons purchased materials for the construction of the water and sewer system from plaintiff Davis Water and Waste Industries, Inc. These materials were incorporated into the project. Davis Water and Waste recorded an amended claim of lien on November 7, 1973, and on November 20, 1973, brought this action against the owners of the land to foreclose the lien.
*165 On February 5, 1974, the defendants substituted a surety bond for the land as security for the claim pursuant to section 713.24, Florida Statutes (1973). More than two years later, the surety American Fire & Casualty Company was joined as a defendant.
The surety defended on the grounds that the plaintiff had failed to effect a legally sufficient notice to the owner and that the claim as against the surety was untimely due to untimely joinder. The trial court held that the materials supplied were used for "subdivision improvements" as that term is defined in section 713.04, Florida Statutes (1973),[1] and that therefore no notice to the owner was required. The court also held the surety liable for the claim.
On appeal, the petitioner reiterated its arguments. It argued that the trial court erred in holding a valid lien had been perfected, since the claimant failed to serve a legally sufficient notice to the owner. Secondly, the petitioner argued that it should not be held liable on its bond because its joinder as defendant was not timely under section 713.22(1), Florida Statutes (1973).[2]
The district court held that a lienor, not in privity with the owner, who furnishes materials for subdivision improvements under section 713.04, is not required to serve a notice on the owner. On the timeliness issue the court held that since the suit to enforce the lien was filed within one year of the recording of the claim of lien as required by section 713.22, the surety could not defend on the ground that it was not joined as a defendant until two and one-half years after the recording of the claim of lien and more than two years after the transfer of the lien to bond.
The district court's decision on the notice issue is in conflict with Booth v. Joe Lombardi, Inc., 309 So.2d 51 (Fla. 2d DCA 1975), and has been followed in Baumgartner Construction Co. v. Harrell, 364 So.2d 802 (Fla. 1st DCA 1978). The court certified that its decision on the notice issue passed on a question of great public interest, and framed the question as follows:
Is a lienor, not in privity with the owner, who furnishes materials for subdivision improvements under § 713.04 of the Florida Statutes (1975) required to serve a notice on the owner as directed by § 713.06(2) of the Florida Statutes (1975)?
We affirm the district court and adopt its reasoning on both issues. Section 713.04, dealing with subdivision improvements, establishes a class of liens separate from the others provided for in chapter 713, part I. There is no requirement of serving notice on the owner under section 713.04. The suit to enforce the lien was timely filed and the delay in joining the surety did not violate the statute or prejudice the surety in any way.
The certified question is answered in the negative. The decision of the district court is approved.
It is so ordered.
*166 ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] Section 713.04 contains no requirement of a notice to the owner of the land and provides in part as follows:

713.04 Subdivision improvements.  Any lienor who, regardless of whether in privity, performs services or furnishes material to real property for the purpose of making it suitable as the site for the construction of an improvement or improvements shall be entitled to a lien on the real property for any money that shall be owing to him for his services or materials. The work of making real property suitable as the site of an improvement shall include but shall not be limited to the grading, leveling, excavating and filling of land (including the furnishing of fill soil), the grading and paving of streets, curbs and sidewalks, the construction of ditches and other area drainage facilities, and the laying of pipes and conduits for water, gas, electric, sewage and drainage purposes, and construction of canals and shall also include the altering, repairing and redoing of all said things... .
[2] 713.22 Duration of lien. 

(1) No lien provided by part I of this chapter shall continue for a longer period than one year after the claim of lien has been recorded unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.