BERANEK, Judge.
The defendant appeals in an action to foreclose a mechanic’s lien. We affirm.
George Raymundo Trucking and Equipment (Raymundo) sued Pembroke Villas of Broward, Inc., (Pembroke) to foreclose a mechanic’s lien. Raymundo furnished Pembroke with labor, services, and materials necessary to clear land, remove trash, and put in fill on the defendant’s property. Pembroke failed to pay Raymundo in full, and a mechanic’s lien in the amount of $2,688 was filed on Pembroke’s property.
After a bench trial, the court determined Raymundo was entitled to a lien in the amount of $2,688. Pembroke appeals alleging that the plaintiff is not entitled to a lien because it failed to furnish Pembroke a contractor’s affidavit pursuant to Section 713.06(3)(d)(l), Florida Statutes (1981). There is no dispute that an affidavit was not furnished.
Raymundo’s services fall within the category of lienors described in Section 713.04, Florida Statutes (1981). That section of the Mechanic’s Lien Law is silent on whether or not a contractor’s affidavit is required. All other sections of the statute are very specific on whether or not the contractor’s affidavit is required. We hold that because the Legislature chose not to specifically require an affidavit under Section 713.04, no affidavit is required. See also American Fire and Casualty v. Davis Water & Waste Industries, 358 So.2d 225 (Fla. 4th DCA 1978), aff'd. 377 So.2d 164 (Fla.1979).
AFFIRMED.
ANSTEAD, C.J., concurs.
WALDEN, J., concurs specially with opinion.