WALDEN, Judge,
concurring specially.
I concur in the majority opinion because such is required by the case cited therein. However, without intending presumption or effrontery, I shortly record my disagreement with the reasoning and result reached in American Fire and Casualty v. Davis Water & Waste Industries, 358 So.2d 225 (Fla. 4th DCA 1978), affirmed 377 So.2d 164 (Fla.1979). While unlikely, it is possible that the issue could be re-visited sometime in the future by the Supreme Court or the Legislature, in which case these views may be weighed for whatever they may be worth.
At issue is the interpretation to be given Section 713.04, Florida Statutes (1981). It provides:
Subdivision Improvements—
Any lienor who, regardless of privity, performs services or furnishes material to real property for the purpose of making it suitable as the site for the construction of an improvement or improvements shall be entitled to a lien on the real property for any money that is owed to him for his services or materials. The work of making real property suitable as the site of an improvement shall include but shall not be limited to the grading, leveling, excavating, and filling of land, including the furnishing of fill soil; the grading and paving of streets, curbs, and sidewalks; the construction of ditches and other area drainage facilities; the laying of pipes and conduits for water, gas, electric, sewage, and drainage purposes; and the construction of canals and shall also include the altering, repairing, and redoing of all these things. When the services or materials are placed on land dedicated to public use and are furnished under contract with the owner of the abutting land, the cost of the services and materials, if unpaid, may be the basis for a lien upon the abutting land. When the services or materials are placed upon land under contract with the owner of the land who subsequently dedicates parts of the land to public use, the person furnishing the services or materi *326 als placed upon the dedicated land shall be entitled to a lien upon the land abutting the dedicated land for the unpaid cost of the services and materials placed upon the dedicated land, or in the case of improvements that serve or benefit real property that is divided by the improvements, to a lien upon each abutting part for the equitable part of the full amount due and owing. If the part of the cost to be borne by each parcel of the land subject to the same lien is not specified in the contract, it shall be prorated equitably among the parcels served or benefited. No lien under' this section shall be acquired until a claim of lien is recorded. No notice of commencement shall be filed for liens under this section. No lienor shall serve a notice to owner for liens under this section.
Amended by Laws 1980, c. 80-97, § 2, eff. Jan. 1, 1981.
More particularly, the issue is whether the contractor making subdivision improvements must furnish a contractor’s affidavit as required in Section 713.06(3)(d), Florida Statutes (1981), in order to perfect a mechanic’s lien? I think he is required to furnish such affidavit.
It is clear that lienors are limited to and classified as: a contractor, a subcontractor, a sub-subcontractor, a laborer, a material-man who contracts with the owner, a contractor, a subcontractor, or a sub-subcontractor, or a professional lienor under Section 713.03. This is provided by Section 713.01(10) Florida Statutes (1981).
I suggest that the Legislature did not intend to create a new and different class of lienors by the enactment of Section 713.-04, Florida Statutes (1981). The first two words of the initial sentence of this section state, and I emphasize:
“Any lienor who, regardless of privity, performs services or furnishes material to real property for the purpose of making it suitable as a site for the construction of an improvement or improvements, shall be entitled to a lien on the real property for any money that is owed to him for his services or materials.”
In my judgment, this refers only to the prospective lienors defined in Section 713.-01(10), Florida Statutes (1981). Moreover, such lienors must perfect their liens in accordance with the other sections of Chapter 713, Florida Statutes (1981), and, in the case of contractors, furnish a contractor’s affidavit. Because of this I feel the Legislature thought it unnecessary to repeat in this section that contractors must furnish a contractor’s affidavit.
Common sense tells us that lienors providing subdivision improvements face special problems. As I see it, the enactment of Section 713.04, Florida Statutes (1981) merely represents the Legislative effort to solve or ameliorate those particular problems, such as:
1. Where portions of the improvements are made, such as grading, drainage, etc., upon lands dedicated to public use such as roads, parks, school sites, the lien shall attach to abutting lands.
2. To avoid the difficulty of ascribing specific costs to each lot or parcel in a subdivision, it is provided, unless otherwise stated, that the costs shall be prorated equitably among the parcels served.
The purpose behind requiring a contractor’s affidavit is most obvious. It is primarily to protect the owner against the possibility of paying more than once for some item of labor or materials. This is discussed in Florida Mechanics’ Lien Manual Vol. 1:
The Contractor’s Affidavit is furnished, not primarily for the contractor’s protection, but rather to protect the owner and other lienors.
In Hardee v. Richardson, the Florida Supreme Court stated that “it is intended, further, that the sworn statement ... should operate to protect the owner against the possibility of paying more than once for the same item of labor or materials; the effect of the section being to afford to the owner the right, without being deemed in default, to withhold payments due on general contract until proof has been given that subcontrac *327 tors, materialmen and laborers have in fact been paid, or that specified amounts are due and owing such preferential lien-ors which the owner may lawfully pay out of the money due the general contractor.” (2) Under the present Act, an owner may rely on the Contractor’s Affidavit against lienors not serving the Notice to Owner required by § 713.-06(2)(a).(3)
Likewise, in Shaw v. Del-Mar Cabinet Co., the court found that the purpose of the Contractor’s Affidavit was to benefit unpaid lienors under the predecessor to § 713.06. It was stated that “there is another reason why this requirement of a sworn statement is for the benefit of the subcontractor or materialman as well as the owner. Section 84.08, supra, provides that the penalty of perjury shall attach to a false statement by the contractor (subject to the limitations mentioned therein). The subcontractor or materialman is entitled to the salutary effect of this statute or one who might be tempted to make a false statement. There is a vast difference in executing a general release to the owners with no criminal penalty attached and in executing a sworn statement of the type required by the Mechanics’ Lien Law. We therefore hold that the sworn statement required by Section 84.04(3), supra, is for the protection of the subcontractors and materialman, as well as the owner, and that the owner may not waive it without subjecting the final payment to being ‘improperly made’ under the statute” (5) Fla. Mechanics’ Lien Manual Vol. 1; Rukusin, S. D & S Publ. Inc. 1974; Hardee v. Richardson, 47 So.2d 520, 524 (Fla. 1950); Shaw v. Del-Mar Cabinet Co., 63 So.2d 264 (Fla.1953).
When one thinks of the vulnerability of an owner of a large complicated subdivision to claims of unpaid laborers and material-men if a contractor’s affidavit is not required, it boggles the mind. I can neither think of, nor is there evident in available case law or commentary, any rational reason not to require a contractor’s affidavit in such cases. In my judgment the Legislature did not intend, by the enactment of Section 713.04, Florida Statutes (1981), to create an exception and a big loophole in the requirement that contractors must furnish their statutory affidavits.
In summation, I suggest that Section 713.04, Florida Statutes (1981), does not create a new class of lienors and that contractors doing subdivision improvements must file contractor’s affidavits to protect the subdivision owner just as must other contractors.