GUNTHER, Judge.
Marks Landscape & Paving Co., (Marks), appeals a final judgment entered in favor of R.P.B. Industrial Park, Inc., (Park). We reverse.
Marks sued Park and Pipeworks Enterprises, Inc. (Pipeworks) seeking foreclosure of Marks’ mechanics’ lien and damages for breach of contract. The claims were based upon paving work Marks performed on Park’s property pursuant to a contract with Pipeworks. Prior to trial, Marks dismissed Pipeworks. At the conclusion of the trial, the trial court ruled in favor of Park denying foreclosure of Marks’ mechanics’ lien.
We agree with Marks’ assertion that the trial court erred in failing to grant fore *257 closure of the mechanics’ lien on Park’s property. By statutory definition, the work performed by Marks fell under § 713.04, Fla.Stat. (1985), which provides in pertinent part:
Any lienor who, regardless of privity, performs services or furnishes material to real property for the purpose of making it suitable as the site for construction of an improvement or improvements shall be entitled to a lien on the real property for any money that is owed to him for his services or materials. The work of making real property suitable as the site of any improvement shall include .... the paving of streets, curbs and sidewalks.... § 713.04, Fla.Stat. (1985).
We conclude that the trial court erred by improperly applying the proper payments provisions of § 713.06(3), Fla.Stat. (1985), to the provisions of § 713.04, Fla.Stat. (1985). Section 713.04 is silent as to the applicability of the proper payments provisions of section 713.06, and we conclude the legislature did not intend for the proper payments provision to apply to section 713.-04. In American Fire & Casualty Co. v. Davis Water & Waste Industries, Inc., 358 So.2d 225 (Fla. 4th DCA 1978), approved, 377 So.2d 164 (Fla.1979), this court held that the provisions of § 713.06(2), Fla.Stat. (1975), do not apply to a lienor under § 713.04. According to this court:
Each of these sections is separate and distinct and stands alone. The lienor in this case is not subject to § 713.06(2), which is the only one of these sections requiring notice to owner, because it says that it only applies to “lienors under THIS SECTION” (emphasis in original). The lienor before us is not subject to that SECTION. The final puzzling question then, is: If each section is separate and stands alone and only § 713.06(2) mandates a notice to owner, why did the legislature under § 713.03 and § 713.05, specifically include language excusing the filing of any such notice? We believe the answer is that it was an unnecessary precaution. Had these two sections remained silent on the subject, the result should have been the same. American Fire & Casualty, 358 So.2d at 226.
The same logic applies in the instant case. Accordingly, since § 713.04 is silent as to the applicability of the proper payments provision, we conclude that the legislature did not intend for that requirement to apply to § 713.04.
We acknowledge that our holding is in conflict with Southern Contractor Rentals, Inc. v. Broderick, 476 So.2d 1376 (Fla. 2d DCA 1985), wherein the Second District held that the proper payments provision of § 713.06 applied to § 713.04 because the two sections must be interpreted together.
REVERSED AND REMANDED.
DELL and GARRETT, JJ., concur.