MAY, C.J.
This is an appeal from an order approving a guardianship plan. Two of the three appellees concede error.[1] The third appel-lee (“guardian”) has not. We reverse.
The guardian filed the guardianship plan with the trial court on April 4, 2011. The Clerk of Court completed its review of the Guardianship Plan and filed its approval on April 26, 2011. The co-trustee, both individually and in her fiduciary capacity, filed an “Objection to Annual Guardianship Plan of Guardian of Person” within thirty days on May 4, 2011. The trial court entered its Final Order approving the guardianship plan on April 29, 2011; it was rendered on May 5, 2011. At a subsequent hearing, the trial court denied the objection as untimely, never addressing its merits. From this order, the co-trustee now appeals.
The co-trustee argues that because she submitted a timely objection to the guardianship plan in accordance with section 744.367, Florida Statutes, the trial court erred in prematurely approving the plan without considering the objection. The co-trustee also argues the premature approval of the plan denied her due process. The guardian responds that section 744.369(1), Florida Statutes, only requires the trial court to review the guardianship plan within 30 days and because the trial court approved the guardianship plan within that time, it did not err.
This Court reviews questions of law de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001).
Section 744.367(4), Florida Statutes, provides that, “[wjithin 30 days after the annual report has been filed, any interested person, including the ward, may file written objections to any element of the report, specifying the nature of the objection.” § 744.367(4), Fla. Stat. (2010). Section 744.369(7) provides that, “[i]f an objection has been filed to a report, the court shall set the matter for hearing and shall conduct the hearing within 30 days after the filing of the objection.” § 744.369(7), Fla. Stat. (2010). Section 744.369(1) provides that, “[t]he court shall review the annual guardianship report within 30 days after the filing of the clerk’s report of findings to the court.” § 744.369(1), Fla. Stat. (2010).
Our supreme court has explained that, “[wjhen the words of a statute are plain and unambiguous and convey a definite meaning, courts have no occasion to resort to rules of construction — they must read the statute as written” and the court’s inquiry should end. Nicoll v. Baker, 668 So.2d 989, 990-91 (Fla.1996). When “part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or others in pari mate-ria, the [cjourt will examine the entire act *861 and those m pan matena in order to ascertain the overall legislative intent.” E.A.R. v. State, 4 So.3d 614, 629 (Fla.2009) (quoting Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1265-66 (Fla.2008)).
Here, the co-trustee filed an objection to the guardianship plan precisely thirty days after it was filed. Under the plain meaning of sections 744.367(4) and 744.369(7), an objection filed within thirty days entitles the objector to a hearing. While section 744.369(1) does not expressly require the trial court to wait the full thirty days before entering a final order approving a guardianship plan, when section 744.369(1) is read in pari materia with sections 744.367(4) and 744.369(7), it is clear that an objection filed within thirty days is entitled to consideration. Otherwise, sections 744.367(4) and 744.369(7) would be rendered meaningless.

Reversed and Remanded for consideration of the Co-Trustee’s objection.

WARNER and GROSS, JJ., concur.

. Barbara Thomas and CitiCorp Trust, N.A. filed Confessions of Error.