STEVENSON, J.
 

 In this construction lien ease, the trial court entered final summary judgment in favor of the property owner, Jomar Properties, LLC, and the surety on the transfer bond, Accredited Surety and Casualty Company, Inc., finding that section 713.24(4), Florida Statutes (2011), precluded the lienor, The Cool Guys, LLC, from bringing a claim on the transfer bond more than two years after the lien was transferred to bond. Cool Guys seeks reversal of the summary judgment, arguing the trial court’s construction of the statute is erroneous. We affirm.
 

 
 *1077
 
 In February of 2007, Cool Guys recorded a construction lien against property owned by Jomar, claiming it was still owed $58,296 for air conditioning work. In-March of 2007, litigation was commenced over the matter and Cool Guys filed a counterclaim for foreclosure of its lien. In December of 2007, during the pendency of the litigation, Jomar posted a transfer bond, transferring Cool Guy’s lien to a surety bond issued by Accredited Surety. Cool Guys received notice of the transfer of the lien to security. Despite such notice, Cool Guys did not attempt to bring a claim on the transfer bond until two years later. Jomar and the surety moved for summary judgment, asserting the claims on the transfer bond were time-barred given the one-year limitations period in section 713.24(4), Florida Statutes. The trial court agreed.
 

 Section 713.24, Florida Statutes, governing the transfer of liens to security, permits a person with an interest in real property to transfer a lien imposed against the property to other security and, in so doing, remove the cloud on the property’s title.
 
 See
 
 § 713.24(1), Fla. Stat. Prior to 2005, section 713.24(4) read as follows: “If a proceeding to enforce a transferred lien is not commenced within the time prescribed in s. 713.22 [one year of recording of lien] ..., the clerk shall return said security upon request of the person depositing or filing the same, or the insurer.” § 713.24(4), Fla. Stat. (2004). The courts, however, refused to apply the one-year time limitation in section 713.24(4) to bar a claim against the surety where the lien was transferred to security
 
 during the pendency
 
 of a suit to foreclose the lien.
 
 See Am. Fire & Cas. Co. v. Davis Water & Waste Indus., Inc.,
 
 358 So.2d 225 (Fla. 4th DCA 1978),
 
 aff'd,
 
 377 So.2d 164 (Fla.1979).
 

 In
 
 American Fire,
 
 within one year of the recording of the lien, the lienor brought a lien foreclosure claim against the property owner. Subsequent to the filing of the lien foreclosure claim against the property owner, the lien was transferred to bond. The lienor did not attempt to join the surety until two and half years after the recording of the lien and two and one-sixth years after the transfer of the lien to bond. This court held that the one-year time limit in section 713.24(4) did not apply as the language “clearly intends that any future proceedings be commenced within the year set forth in s. 713.22 and does not seek to address itself to the situation where the suit has already been filed prior to the transfer.” 358 So.2d at 227. The court reasoned that to hold to the contrary would permit the property owner to defend the suit until the one year passed, to then transfer the lien to bond, and, in so doing, prevent any liability against himself or the surety. The supreme court affirmed this ruling.
 

 In 2005, the legislature amended section 713.24(4), adding the following sentence:
 

 If a proceeding to enforce a lien is commenced in a court of competent jurisdiction within the time specified in s. 713.22 and, during such proceeding, the lien is transferred pursuant to this section or s. 713.13(l)(e), an action commenced within 1 year after the transfer, unless otherwise shortened by operation of law, in the same county or circuit court to recover against the security shall be deemed to have been brought as of the date of filing the action to enforce the lien, and the court shall have jurisdiction over the action.
 

 §' 713.24(4), Fla. Stat. (2005).
 
 [1]
 
 It is this added sentence the trial court relied upon
 
 *1078
 
 in finding the claims brought on the transfer bond were untimely as the lien had been transferred to security during the pendency of the lien foreclosure suit and no attempt was made to state a claim on the bond until two years after such transfer.
 

 “‘[W]hen the words of a statute are plain and unambiguous and convey a definite meaning, courts have no occasion to resort to rules of construction — they must read the statute as written’ and the court’s inquiry should end.”
 
 Rothman-Browning v. Marshall,
 
 83 So.3d 859 (Fla. 4th DCA 2011) (quoting
 
 Nicoll v. Baker,
 
 668 So.2d 989, 990-91 (Fla.1996)). There is no ambiguity in the statute. It is clear from the language that if a lien foreclosure suit is pending and the lien is transferred to security during the pendency of that litigation, a claim to recover against the transferred security must be brought within one year of the transfer.
 

 Appellant urges us to find that the rule announced in
 
 American Fire
 
 continues to be the law for cases like the instant one where the lien is transferred to security during the pendency of lien foreclosure litigation and the lienor subsequently seeks to join the surety in the pending action and that the sentence added to section 713.24(4) applies only where the lienor seeks to file an entirely separate action against the surety. We see no basis for reading the statute in this manner. It is presumed that when the legislature undertook to amend section 713.24(4), it was aware of prevailing decisions on the subject.
 
 See Miller v. State,
 
 42 So.3d 204, 219 (Fla.2010),
 
 cert. denied,
 
 — U.S. -, 131 S.Ct. 935, 178 L.Ed.2d 776 (2011). Thus, the legislature was aware of the
 
 American Fire
 
 holding and also aware of decisions from the district courts reaching a different result where suit was brought after the lien was transferred to bond.
 
 See Canam Sys., Inc. v. Lake Buchanan Dev. Corp.,
 
 375 So.2d 582 (Fla. 5th DCA 1979) (affirming dismissal of claims against surety and principal where lien was transferred to bond prior to filing of timely lien foreclosure suit and lienor waited three years to assert claims against the bond). The language added to subsection (4) addresses the “gotcha” concern expressed in
 
 American Fire
 
 while at the same time protecting the lienor and lienee by affording the lien- or a time certain — one year from the date of the transfer of the lien — to seek to recover against the surety and bond.
 

 Accordingly, having considered all issues raised, we affirm the judgment in favor of the property owner and the surety.
 

 Affirmed.
 

 HAZOURI and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . The language of section 713.24(4) has remained unchanged at all times relevant to this appeal.