**In the Matter of W. ALLEN YOUNG & ASSOCIATES, INC., Debtor.**

**W. ALLEN YOUNG & ASSOCIATES, INC., Plaintiff,**

v.

**EMMER DEVELOPMENT CORP., Defendant.**

**Bankruptcy No. 80–1678.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Aug. 10, 1981.

David Steen, Tampa, Fla., for plaintiff.

Ronald Schram and F.A. McGee, Gainesville, Fla., for defendant.

ORDER ON MOTION TO STRIKE COUNTS I AND III OF COMPLAINT TO FORECLOSE MECHANIC'S LIEN AND FOR BREACH OF CONTRACT WITH PREJUDICE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the Motion under consideration is a Motion to Strike Count I and III of the Complaint. The Complaint, filed by W. Allen Young & Associates, Inc. (Plaintiff), in Count I seeks to foreclose a mechanics lien on the property of the Defendant, Emmer Development Corp., pursuant to the mechanics lien law of this state. Fla.Stat. 713 et seq.

Count III set forth a claim in which the Plaintiff seeks to impose an equitable lien on the property of the Defendant. The Defendant attacks both the mechanics lien claim and the claim for an equitable lien on two grounds.

First, the Defendant urges that the relationship of the parties is controlled by a written contract and their respective rights are based on four written contracts, each of which contain a covenant in which the Plaintiff expressly waived any claim for mechanics lien or any other claim against the properties of the Defendant. In addition, the Defendant attacks the claim for a mechanics lien on the ground that the Defendant failed to institute an action in a Court of competent jurisdiction to enforce its mechanics lien claim within 60 days as required by Fla.Stat. 713.22(2) when the lien claim is contested and therefore upon expiration of the 60 days the lien became automatically extinguished. In response, the Plaintiff urges that by virtue of § 541 of the Bankruptcy Code, on the date the Plaintiff filed its petition for relief in this Court, it had an inchoate lien right; that the Defendant, by filing a notice of contest of lien without leave of Court violated the automatic stay imposed by § 362(a) and therefore, the notice of contest was a legal nullity; consequently, the time to file suit to impose the mechanics lien was not shortened and since the suit was filed within one year, the lien is still an enforceable valid lien. The Plaintiff also intimated, although not articulated very well, that the Bankruptcy Code expressly extends for two years, all statutory limitations which under the applicable law has not expired on the date of filing the petition and the trustee is granted two additional years to institute action after the order for relief.

The mechanics lien statute, Fla.Stat. 713 is a creation of the legislature of this state that did not exist in the common law. The legislature in enacting this remedial legislation designed it to benefit materialmen and laborers who contribute to the improvement of land. The statute places certain conditions on the enforcement of a lien right. One of these conditions is set forth in Fla.Stat. § 713.22 which provides in sub-clause (2) that the lien of any lienor upon whom a notice of contest is served must institute a suit to enforce the lien within 60 days after service of such notice and if he fails to do so the lien is *extinguished automatically* (emphasis supplied). In construing this section, the 4th District Court of Appeals in the case of *Regal Woods Products, Inc. v. First Wisconsin National Bank of Milwaukee*, 347 So.2d 643 (Fla. 4th DCA 1977) stated that this condition is not an ordinary statute of limitations, merely effecting the remedy, but is part of the cause of action itself and if no action is brought within the time provided, i. e. 60 days from the date of the notice of contest, the cause of action itself becomes extinguished and gone forever. The contention of the Plaintiff that the notice of contest was a nullity thus the time to file suit was not shortened therefore does not bear close analysis. Filing a notice of contest of lien, a right created by the very statute which the Plaintiff seeks to enforce was not an act prohibited by any provisions of the automatic stay imposed by § 362.

Even assuming, but not admitting, that the filing of a notice of contest was possibly an act designed to obtain possession of property of the estate, property being inchoate lien right a proposition hardly supportable, it is evident that the Defendant by serving its notice of contest did nothing more than cause the time to file a suit on

the lien shortened as it has the right to do under the statute and did nothing which was designed or did in fact take away anything from the Plaintiff or did nothing which resulted in a loss of any property of the Plaintiff. This being the case there is no question that the Plaintiff, by failing to institute an action to enforce its lien claim lost its lien right and for this reason its claim set forth in Count I cannot stand and said count does not state a claim for which relief can be granted.

This leaves for consideration the second prong of the Defendant's attack on the lien claims set forth in Count I and Count III of the complaint. The attack is based on ¶ 8 of these contracts, which paragraph provides for a waiver of any claim, mechanics lien or otherwise, against the property of the Defendant. This attack is without merit because a waiver is merely an affirmative defense, FRCP 8(c), and if the complaint is otherwise legally sufficient to state a claim the Motion to Dismiss cannot be granted. A waiver is not an absolute defense and the Plaintiff should be permitted to establish, for instance, that the waiver was not supported by consideration or that it was obtained through overreaching or fraud.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Strike Count I of the complaint be, and the same hereby is, granted and Count I of the complaint be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Strike Count III of the complaint be, and the same hereby is, denied and the Defendant shall have 15 days from the date of the entry of this order to file its answer to said count.