278 So.2d 282 (1973)
JACK STILSON & CO., a Florida Corporation, Petitioner,
v.
CALOOSA BAYVIEW CORPORATION, a Florida Corporation, Respondent.
No. 42754.
Supreme Court of Florida.
May 23, 1973.
*283 William T. Haverfield, of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for petitioner.
Dwight A. Whigham, of Smoot & Whigham, Fort Myers, for respondent.
DEKLE, Justice.
The District Court of Appeal, Second District, has certified that its decision in Stilson & Co. v. Caloosa Bayview Corp., 265 So.2d 85 (Fla.App., 1972), passes upon a question of great public interest. Due to the certification, we have certiorari jurisdiction of the case.[1]
The question certified by the District Court is as follows:
"Does the filing of an amended claim of lien [mechanics' lien] toll the running of the sixty days provided for in Fla. Stat. § 713.22(2)?"
The facts of the case are fully delineated in the opinion of the District Court and need not be restated here.
The purpose of the fixed periods provided in such statutory remedies as the one here involved of the Mechanics' Lien Law was to make definite and certain the time within which the matter can be considered as ended. It affects more than the immediate parties in many instances; there are lenders, buyers and others who rely on the fixed periods of time in the lien law. This assurance should not be destroyed by an "open-ended" right of amendment by a lienor beyond the period provided by statute. A correction or change by way of an amendment to a basic claim or of a timely suit upon that claim is of course allowable, but such an amendment does not toll the statutory times to file the lien or suit.
The reason for the trial court's dismissal here, and its affirmance by the Second District Court of Appeal is luminous: the initial suit on the claim of lien (to which the owner-respondent had filed appropriate notice of contest) joined the issue; the second suit on the same basic claim was still the claim of lien initially pursued. The lower courts have thus correctly held this to be improper after the passage of the 60 days.
It is necessary to an orderly disposition of pending liens on property that upon a joinder of issue upon notice of contest filed, that the claim shall proceed to conclusion. To toll the time for filing suit or, as here, to allow its voluntary dismissal and refiling with simply an amendment to it adds to the time; this was not contemplated by the lien statute, § 713.22. The last section of that statute refers to the "suit to enforce his lien within sixty days" (where notice of contest is served) and expressly states that unless such suit is instituted within the sixty days after service of notice of contest, that the lien "shall be extinguished automatically." The plain meaning of the statute must be upheld.
The lienor on a given claim has only one lien on that claim which he can pursue within the statute. Of course if there be another separate claim (not merely the same claim corrected by amendment) then a separate lien exists for such independent or different "claim of lien", and a *284 right of separate suit thereon. The term might be applied in the matter of claims of lien: "one claim, one lien".
To allow a new suit on the same basic claim of lien after the statutory time, as attempted here, would violate the statute. On this theory the claimant could file over ad infinitum by the simple expedient of filing an amended claim and thereby defeat the purpose of the statute for a speedy conclusion.
Accordingly, we answer the certified question in the negative. The holdings below were eminently correct; the writ is discharged.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS and BOYD, JJ., concur.
ERVIN, J., dissents with opinion.
McCAIN, J., dissents and concurs with ERVIN, J.
ERVIN, Justice (dissenting):
It is my view that the dissent of Judge McNulty in the District Court review correctly answers the question certified and we should adopt his dissent. In line with the reasons expressed by Judge McNulty, I conclude that a rational construction of the Mechanics' Lien Law dictates that a mechanic or materialman, similarly as a plaintiff in a civil action, may seasonably amend his original claim of lien and serve and record the same within the time the law allows for filing a claim of lien. F.S. Section 713.08(4) (b), F.S.A., expressly so provides. And the lienor having done so, if the owner desires to shorten the time to sixty days in which the lienor may file a new or amended suit to enforce his amended claim of lien, the owner should file and have served a further or new notice of contest directed specifically to the amended claim of lien.
If it were otherwise, a mechanic or materialman well might be prevented by the shortening effect of the original notice of contest from putting in motion an amendment of lien pursuant to F.S. Section 713.08(4) (b), F.S.A., to correct any material mistake in his original claim of lien, the filing and recording of which in correct form is a statutory predicate for a new or amended suit to enforce the amount of the lien actually claimed. To be efficacious F.S., Section 713.08(4) (b), F.S.A., authorizes an amended claim of lien to operate forward unaffected by the shortening effects of a priorly filed notice of contest.
F.S. Section 713.22(2), F.S.A., specifically requires that a copy of a notice of contest shall be mailed by the clerk to the "lien claimant at the address shown in the claim of lien or most recent amendment thereto ..." indicating that if an amended claim of lien is filed the notice of contest shall be in response to the amended lien and not merely to the original claim of lien. (Emphasis supplied.)
F.S. Section 713.22(2), F.S.A., should be read in connection with F.S. Section 713.08(4) (b), F.S.A., so as to give each provision an area of operation. As the majority has it, Section 713.22(2) supervenes Section 713.08(4)(b) and it will avail a lienor nothing if he needs to file an amended claim of lien after the running of the owner's sixty-day notice of contest. Even if the sixty days has not run, the majority decision will have the stifling effect of shortening the time allowed by other statutes, including F.S. Section 713.08(4) (b), F.S.A., for preparing and filing corrective claims of lien and amended suits thereon to the disadvantage of lien claimants. This is not the intent of the lien law (Ch. 713), read as a complete whole.
McCAIN, J., concurs.
NOTES
[1] Fla. Const. art. V, § 3(b) (3) (1973), F.S.A.