347 So.2d 643 (1977)
REGAL WOOD PRODUCTS, INC., Appellant,
v.
FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, and Vistana, Inc., Etc., et al., Appellees.
No. 76-2475.
District Court of Appeal of Florida, Fourth District.
May 20, 1977.
*644 Peter H. Leavy, of Myers, Kaplan, Levinson & Kenin, Miami, for appellant.
R.L. Russell, of van den Berg, Gay & Burke, Orlando, for appellees Tuttle/White Constructors, Inc., and Federal Ins. Co.
ALDERMAN, Judge.
This is a mechanics' lien case in which a subcontractor appeals an order dismissing with prejudice its action against a general contractor and its surety. The subcontractor's action on a Section 713.24, Florida Statutes (1975), Transfer bond was filed as part of an amended cross-claim two years after the subcontractor's claim of lien was recorded. This was the first action by the subcontractor to enforce its claim of lien, although it had, within one year of recording its claim of lien, filed its original cross-claim seeking a money judgment against the general contractor for the amount of its claim. The determinative issue is whether the amended cross-claim, under Fla.R.Civ.P. 1.190[1], relates back to the filing of the earlier cross-claim so as to satisfy the time requirement of Sections 713.21(3)[2], 713.22(1)[3], 713.24(4)[4], Florida Statutes (1975). We hold that it does not and affirm.
In this case the subcontractor never filed an action to enforce its claim of lien against the owner. More than fifteen months after the subcontractor recorded its claim of lien, the general contractor caused the claim of lien to be transferred to a bond pursuant to Section 713.24, Florida Statutes (1975). Nine months later the subcontractor filed an amended cross-claim and third party complaint seeking to enforce its claim of lien against the bond.
The Mechanics' Lien statute created for subcontractors a new right of action that did not exist in the common law, and expressly provided that no mechanics' lien shall continue for a longer period than one year after the claim of lien has been recorded unless within that time an action to enforce the lien is commenced. Section 713.22(1). This is not like an ordinary statute of limitation affecting merely the remedy, but it enters into and becomes a part of the right of action itself, and if allowed to elapse without the institution of the action, such right of action becomes extinguished *645 and is gone forever. Compare Fowler v. Matheny, 184 So.2d 676 (Fla. 4th DCA 1966). The subcontractor, having failed to bring an action to enforce its lien within one year after the claim of lien was recorded, no longer has a right of action on its claim of lien.
The subsequent Section 713.24 transfer bond provided by the general contractor does not change the situation. The condition of this bond was to "... pay any judgment or decree which may be rendered for the satisfaction of the lien for which said claim of lien was recorded... ." This condition is not an assumption of a new and additional liability on the part of the general contractor and its surety. They agreed only to pay any judgment or decree which may be rendered for the satisfaction of the lien. There could be no such judgment in this case because as a matter of law the lien no longer existed. The Section 713.24 transfer bond did not give the lien claimant any additional rights; it simply created an alternate fund from which the claim of lien could be satisfied, if in fact it was a valid lien. Resnick Developers South, Inc. v. Clerici, Inc., 340 So.2d 1194 (Fla. 4th DCA 1976).
There is no way that the subcontractor can now foreclose its claim of lien against the owner, and since the liability of the general contractor and its surety under the Section 713.24 transfer bond is no greater than that of the owner for whose benefit the bond is provided, we conclude that the claim of lien cannot be resurrected by the application of Fla.R.Civ.P. 1.190(c).
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.190(c) provides:

When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
[2] Section 713.21, Florida Statutes (1975), provides:

A lien properly perfected under this chapter may be discharged by any of the following methods:
(3) By failure to begin an action to enforce the lien within the time prescribed in this part I.
[3] Section 713.22(1), Florida Statutes (1975), provides:

No lien provided by part I of this chapter shall continue for a longer period than 1 year after the claim of lien has been recorded unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction.
[4] Section 713.24(4), Florida Statutes (1975), provides:

If no proceeding to enforce a transferred lien shall be commenced within the time specified in s. 713.22 or if it appears that the transferred lien has been satisfied of record, the clerk shall return said security upon request of the person depositing or filing the same, or the insurer.