348 So.2d 648 (1977)
VIC TANNY OF FLORIDA, INC., Etc., et al., Appellants,
v.
FRED McGILVRAY, INC., a Florida Corporation, Appellee.
Nos. 76-1407, 76-1315.
District Court of Appeal of Florida, Third District.
August 2, 1977.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellants.
Horton, Perse & Ginsberg, Donald M. Coon, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
These appeals are from a final judgment which foreclosed a mechanic's lien and also imposed an equitable lien against all of the appellant-defendants, and from a subsequent order assessing costs and attorney's fees against these defendants. The parties to the appeal are as follows: Fred McGilvray, Inc., plaintiff, who was a subcontractor under a contract with P.J. Hunt Construction Company, Inc.; Vic Tanny of Florida, Inc., defendant, lessee of the real property involved; Vic Tanny International, defendant, a foreign corporation which is listed on the lease as the "trade name" of the tenant; and Monumental Properties, Inc., defendant, fee owner of the real property involved. The facts stipulated to by the parties at a pretrial conference are as follows:
*649 1. McGilvray is a mechanical subcontractor who performed work and provided labor and materials to Vic Tanny Health Club at Westland Mall.
2. The reasonable value of the work performed by McGilvray is $7,396.01, all of which is still due and owing McGilvray.
3. No notice of commencement was posted on the subject property or recorded in the records of Dade County, Florida, by any defendant.
4. The lease for the subject premises between Monumental and/or Florida or International was never recorded by any defendant.
5. No defendant ever requested a contractor's affidavit, either for each progress payment or before final payment.
6. The final payment of $5,000 due the general contractor was withheld by Florida.
7. Monumental made no payment of any kind concerning the construction of the Vic Tanny Health Club at Westland Mall.
8. At all pertinent times, the address of corporate headquarters for both Florida and International was Suite 1115, 300 North State Street, Chicago, Illinois.
9. Donahue Wildman is a director and the executive vice-president of International, and a director and the president of Florida.
In addition, the record reflects the existence of the following facts:
1. The general contractor abandoned the job before completion. The sum of $5,000 which would have been due under the contract was withheld by Florida to complete the job.
2. Florida engaged McGilvray to perform other work and paid McGilvray for that work.
3. McGilvray filed a claim of lien in the amount of $7,396.01 on January 5, 1972, against the real property.
4. On May 16, 1972, Vic Tanny of Florida, Inc., as principal, and Reliance Insurance Company, as surety, filed a surety bond in the amount of $9,294.24 to fund the lien pursuant to Section 713.24, Florida Statutes (1971), "Transfer of liens to security."[1]
5. On May 16, 1972, the clerk of the circuit court executed and served by registered mail a Notice of Contest of Lien upon Fred McGilvray, Inc., pursuant to Section 713.22, Florida Statutes (1971).[2]
*650 6. On July 12, 1972, Fred McGilvray, Inc., filed a complaint to foreclose its lien against P.J. Hunt Construction Co., Inc.; Vic Tanny International; and Westland Mall, Inc. Neither Vic Tanny of Florida nor the surety on the transfer bond was party to the suit.
7. On July 21, 1972, the clerk returned the bond to Vic Tanny of Florida, Inc., because no suit had been filed on the bond within the time limited by Section 713.22, Florida Statutes (1971).
8. On February 11, 1974, the trial court granted plaintiff's motion to amend the complaint to add Vic Tanny of Florida, Inc., as a party defendant to the suit to foreclose mechanic's lien.
Section 713.24, Florida Statutes (1971), provides that any person having interest in real property upon which a lien is imposed may, by complying with the requirements of that section, transfer the lien from the property involved to the security bond posted. This statute provides an absolute right by which property may be freed from a mechanic's lien thereby transferring all the rights of the lienor from the property to the security. Subsection (4) of the cited section provides:
"(4) If no proceeding to enforce a transferred lien shall be commenced within the time specified in § 713.22 or if it appears that the transferred lien has been satisfied of record, the clerk shall return said security upon request of the person depositing or filing the same, or the insurer."
The record affirmatively shows that the lien was transferred to security bond and that no action was begun upon the bond within sixty days after service of the notice of contest of lien. Appellee urges that this court should hold that the filing of the complaint to foreclose the mechanic's lien against other defendants not joining the party posting the bond and not joining the security company liable on the bond was sufficient to comply with the above quoted portion of the statute. We cannot agree with this reasoning. The amendment of the original complaint nineteen months after the filing of the complaint and sixteen months after the expiration of the time for action against the surety to include the party posting the bond is not sufficient compliance with the statute. Therefore, the mechanic's lien claim against the property lapsed and the judgment foreclosing that lien must be reversed.
The trial court, apparently suspecting that the portion of the judgment foreclosing a mechanic's lien would not withstand the scrutiny of appellate review, attempted to give relief to the lienor by imposing an equitable lien against all of the defendants.[3] It is a general rule that in a suit to impose a mechanic's lien, the court may not impose an equitable lien upon a finding that the mechanic's lien is not valid. See Kimbrell v. Fink, 78 So.2d 96 (Fla. 1955); and Blanton v. Young, 80 So.2d 351 (Fla. 1955). Cf. Rood Company v. Luber, 91 So.2d 629 (Fla. 1956). In Crane Co. v. Fine, *651 221 So.2d 145 (Fla. 1969), the Supreme Court of Florida noted the general rule and stated an exception to it. The exception in the circumstances noted in the Crane case simply does not appear in the present case. In the Crane case the Supreme Court pointed out that the complaint sought equitable relief in the form of an equitable lien. In the instant case, no facts are alleged in the complaint which could present a basis for an equitable lien as pointed out in Crane. The holding therein is specifically limited to special and peculiar equities.
* * * * * *
"We emphasize that this opinion is not to be interpreted as holding that a materialman is entitled to seek an equitable lien merely because his materials are incorporated in the improvement. We hold only that, because of the special and peculiar equities shown by the record in this particular case, the plaintiff should not be foreclosed from seeking an equitable lien merely because he was entitled to but failed to perfect his statutory materialman's lien."
Cf. Goldberg v. Banner Supply Co., 230 So.2d 714 (Fla.3d DCA 1970). The only basis for an equitable lien suggested by the appellees in this appeal is that because the lien was bonded by Vic Tanny of Florida, Inc., and because the business was conducted under the trade name Vic Tanny, International, that, therefore, confusion was engendered which could form a basis for an equitable lien upon the doctrine of equitable estoppel. It is urged that the application of this doctrine would allow the consideration of the original suit, which did not include Vic Tanny of Florida, Inc., as a party, in actuality to be a suit against that defendant at the time that suit was originally filed and prior to its amendment some months later. If the court found such equitable estoppel, it would not have been sufficient to establish the statutory lien as set out above and it does not come within the confines of the special circumstances set forth in the Crane case. Even if found to come within the confines of special and peculiar circumstances as set forth in Crane, it is not tenable on this record and is, therefore, insufficient. It affirmatively appears from the record that all of the lienor's dealings were with Vic Tanny of Florida, Inc. He contracted with, and was paid by, that company. The lien was transferred from the real property involved to security posted by Vic Tanny of Florida, Inc., and the lienor was served with a notice to contest the lien in the name of Vic Tanny of Florida, Inc. Therefore, the record will not sustain a holding that because of confusion, an equitable lien can be substituted for the ineffective mechanic's lien.
Accordingly, the judgment foreclosing the mechanic's lien and imposing an equitable lien, as well as the order assessing attorney's fees and costs, is reversed.
Reversed.
NOTES
[1] "(1) Any lien claimed under part I of this chapter may be transferred by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:

"(a) Depositing in the clerk's office a sum of money, or
"(b) Filing in the clerk's office a bond executed as surety by a surety insurer licensed to do business in this state, either to be in an amount equal to the amount demanded in such claim of lien plus interest thereon at six per cent per year for three years plus one hundred dollars to apply on any court costs which may be taxed in any proceeding to enforce said lien. Such deposit or bond shall be conditioned to pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded and costs not to exceed one hundred dollars. Upon making such deposit or filing such bond the clerk shall make and record a certificate showing the transfer of the lien from the real property to the security and mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred at the address stated therein. Upon filing the certificate of transfer the real property shall thereupon be released from the lien claimed and such lien shall be transferred to said security. The clerk shall be entitled to a fee for making and serving the certificate in the sum of two dollars. Any number of liens may be transferred to one such security."
[2] "(2) An owner or his agent or attorney may elect to shorten the time prescribed in subsection (1) of this section, within which to commence an action to enforce any claim of lien or claim against a bond or other security under § 713.23 or § 713.24, by recording in the clerk's office a notice in substantially the following form:
 NOTICE OF CONTEST OF LIEN
To: _____________________________
 (Name and address of lienor)

You are notified that the undersigned contests the claim of lien filed by you on ____ 19__, and recorded in ____ Book ____, Page ____, of the public records of ____ County, Florida, and that the time within which you may file suit to enforce your lien is limited to 60 days from the date of service of this notice. This ____ day of ____ 19__.
 Signed____
 Owner or Attorney
The lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his lien within sixty days after service of such notice shall be extinguished automatically. The clerk shall mail a copy of the notice of contest to the lien claimant at the address shown in the claim of lien or most recent amendment thereto and shall certify to such service on the face of such notice and record the notice. Service shall be deemed complete upon mailing."
[3] "7. In the event that the Plaintiff is unable to fully satisfy its claim upon the statutory lien as against the Defendant, VIC TANNY OF FLORIDA, INC., then the Court orders the imposition of an equitable lien on the real property described in Paragraph 1 as against VIC TANNY OF FLORIDA, INC., the owner of the leasehold, in the amount of $7,396.01 plus Court costs and accrued interest.

"8. In addition to the Plaintiff FRED McGILVRAY, INC.'s perfection of a valid statutory mechanics' lien as against the Defendants, MONUMENTAL PROPERTIES, INC. and VIC TANNY OF FLORIDA, INC., the Court orders an imposition of an equitable lien on the real property described in Paragraph 1 as against VIC TANNY INTERNATIONAL, INC., in the amount of $7,396.01, plus court costs and accrued interest."