745 So.2d 359 (1999)
NORTH AMERICAN SPECIALITY INSURANCE COMPANY, Appellant,
v.
BERGERON LAND DEVELOPMENT, INC., et al., Appellees.
No. 98-1917.
District Court of Appeal of Florida, Fourth District.
September 22, 1999.
Rehearing Denied December 7, 1999.
Bruce C. King, Nancy H. Henry, and Maria C. McGuinness of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for appellant.
Steven G. Glickstein, Davie, for Appellee-Bergeron Land Development, Inc.
STONE, J.
We reverse a summary final judgment entered in favor of Bergeron Land Development, Inc. On this record, North American *360 Speciality Insurance Company should have been afforded leave to amend its answer and affirmative defenses before resolving the summary judgment issues.
Noland Construction, Inc., the general contractor on a construction project, obtained payment and performance bonds from North American. Bergeron was a subcontractor and performed the last of its services on March 10, 1995. Following performance, Bergeron served a written notice of non-payment to Noland Construction and North American pursuant to section 713.23(1)(d), Florida Statutes. Bergeron also recorded a claim of lien.
Thereafter, the property owners commenced an action for declaratory relief against Noland Construction, North American, and numerous lien claimants, including Bergeron. Bergeron filed an answer to the owner's complaint and subsequently, on March 27, 1996, filed an amended answer and counterclaim against the owners. In its amended answer, Bergeron included, for the first time, a cross-claim against Noland Construction and North American for payment for the work and services performed. North American filed an answer and alleged several affirmative defenses, including failure to state a cause of action under section 713.23, and failure to satisfy conditions precedent to payment under section 713.245, Florida Statutes. North American also incorporated by reference the defenses alleged by the owners and Noland Construction.
The owners subsequently filed a motion to determine the validity and scope of the payment bond. Specifically, the owners wanted the court to determine whether the North American bond should be treated as a payment bond under section 713.23 or a conditional payment bond under section 713.245. Bergeron joined the owners' motion.
North American argued that the bond was a conditional payment bond and further moved to permit all parties to amend their claims, answers, motions, and replies once the court determined the status of the payment bond. Essentially, North American argued that a general leave to amend was required to eliminate the confusion then present in the pleadings. The trial court denied North American's motion for a general amendment and concluded that the bond should be construed as a section 713.23 payment bond because the subcontracts did not contain conditional payment language. This court affirmed the trial court's decision as to the nature of this bond in North American Specialty Ins. Co. v. Hughes Supply, Inc., 705 So.2d 616 (Fla. 4th DCA 1998).
After remand, Bergeron moved for summary judgment against North American and Noland Construction. North American and Noland Construction also moved for summary judgment against Bergeron. The trial court granted summary judgment for Bergeron.
Bergeron failed to comply with the time period prescribed in section 713.23(1)(e), which provides that "No action shall be instituted or prosecuted against the contractor or against the surety on the bond under this section after 1 year from the performance of the labor or completion of delivery of the materials and supplies." Here, Bergeron performed the last of its services on March 10, 1995, and did not file its amended answer and cross-claim against North American until March 27, 1996.
It is settled law that recovery may not be allowed where the moving party does not comply with the time restrictions and notice requirements of the controlling statute. See Mirror and Shower Door Products, Inc. v. Seabridge, Inc., 621 So.2d 486, 487 (Fla. 4th DCA 1993) (dismissing appellant's complaint for failure to state a cause of action where appellant failed to comply with the notice to owner requirement); Mursten Constr. Co. v. C.E.S. Indus., Inc., 588 So.2d 1061, 1063 (Fla. 3d DCA 1991) (denying recovery under payment bond where the moving party failed to comply with notice requirements). See *361 also Bankers & Shippers Ins. Co. of New York v. AIA Insulation Indus., Inc., 390 So.2d 734, 741 (Fla. 4th DCA 1980) (reversing final judgment in favor of the subcontractor where the action was not filed against the surety within one year from the last delivery of materials).
Bergeron asserts that the timeliness of instituting an action against North American on the payment bond was waived by North American's failure to raise the statute of limitations as an affirmative defense. See Aboandandolo v. Vonella, 88 So.2d 282, 284 (Fla.1956); Tuggle v. Maddox, 60 So.2d 158, 159 (Fla.1952). North American counters that compliance with the limitations period is a prerequisite to instituting any action under section 713 .23. See Regal Wood Products, Inc. v. First Wisconsin Nat'l Bank of Milwaukee, 347 So.2d 643 (Fla. 4th DCA 1977).
In Regal Wood Products, this court, in affirming dismissal, said:
This is not like an ordinary statute of limitation affecting merely the remedy, but it enters into and becomes a part of the right of action itself, and if allowed to elapse without the institution of the action, such right of action becomes extinguished and is gone forever.
Id. at 644-45. Notwithstanding this strong language, the question remains whether untimely filing of an action on a lien is waived by failure to specifically raise the limitations provisions of the statute as an affirmative defense.
Initially, we reject North American's argument that its one year limitations defense was pled by its earlier adoption by reference of Noland Construction's answer to Bergeron's cross-claim. The Noland Construction defense states that "Bergeron does not include any allegations that establish that Bergeron timely perfected its claim of lien or timely prosecuted its claim of lien, or that the claim of lien has been transferred to the Conditional Payment Bond, all as required under § 713.245, Fla. Stat." Obviously, announcing a defense based on section 713.245 is not the same as stating a defense based on section 713.23.
We also reject Bergeron's assertion that its cross-claim must relate back to the original answer and is, therefore, timely. Here, there is no "relation back" because Bergeron filed the cross-claim for the first time after the one year period. See Regal Wood Products. But see Scarfone v. Marin, 442 So.2d 282, 283-84 (Fla. 2d DCA 1983) (permitting the second amended complaint to relate back to the original complaint where both complaints arose out of the same transaction, namely the transfer of the lien to a surety bond).
We now turn to the denial of North American's requests for leave to amend. At the time North American filed its first motion requesting general leave to amend, the trial court had not yet determined which statute controlled the subject action, an issue not resolved until the Hughes appeal. The motion sought leave for all parties to amend their respective pleadings to conform to the court's ultimate determination as to which statute applied to this bond. That motion requested the court to enter an order permitting amendment within designated times to be fixed by order of the court.
At the hearing at which that motion was raised, it was discussed in tandem with a motion for clarification raised by North American, as well as three additional lienors. The discussion concerned whether the parties' amendments would relate back to the original pleadings. At the conclusion of the hearing, the trial judge stated, "I have problems with that [North American's motion] because I really didn't understand the full concept and there were other concepts so I'm going to pass that one by." The trial court subsequently decided North American's motion was moot. North American did not dispute that its motion need not be considered at that time. The trial court did not deny North American's motion with prejudice.
*362 Subsequently, at the hearing on Bergeron's motion for summary judgment when it became apparent that Bergeron contended that there was a waiver excusing its failure to timely file, North American again moved to amend the answer and affirmative defenses. The motion was effectively denied by the trial court's decision on the summary judgment motion. See Tingle v. State, 536 So.2d 202, 203 (Fla.1988). Under these circumstances, the denial was an abuse of discretion. See Horacio O. Ferrea N. American Div., Inc. v. Moroso Performance Products, Inc., 553 So.2d 336, 337 (Fla. 4th DCA 1989). We note that another motion to amend was filed after the entry of final summary judgment which was denied because the service was not made within ten days of filing the summary judgment pursuant to Florida Rule of Civil Procedure 1.530(b). However, the record reflects, as North American had claimed, that the original certificate contained a scrivener's error and service was made within the specified ten day period of time. The trial court concluded that it lacked jurisdiction and denied the motion to vacate the order.
Florida Rule of Civil Procedure 1.190(a) provides that leave to amend shall be liberally granted. As a general rule, "[l]eave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile." Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996). See also New River Yachting Ctr., Inc. v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981).
Here, it is clear from the record that granting leave to amend would not have prejudiced Bergeron because it had actual notice throughout the proceedings that North American regarded the timeliness of its cross-claim as an issue. We note that the initial affirmative defense put Bergeron on notice of the possibility that the time restrictions specified in section 713.23 would be raised. Furthermore, granting leave to amend would not have delayed the proceedings as the issue was to be resolved on cross-motions and no trial was involved. In the absence of prejudice or delay, we find that the trial court abused its discretion in failing to permit North American to amend its answer and affirmative defenses.
In reversing with leave to amend and remanding for further proceedings, we do not address North American's cross motion for summary judgment, as the record is not clear whether Bergeron will make claims in avoidance of North American's amended affirmative defenses.
WARNER, C.J. and STEVENSON, J., concur.