PER CURIAM.
The appellant attempted to foreclose a construction lien by suit filed in county court, after which the appellees transferred the construction lien to a security bond pursuant to section 713.24, Florida Statutes (2000). The appellant dismissed its action against the construction lien and then filed, again in the county court, an amended complaint against the security bond. After more than one year had passed from the date that the lien was transferred to security, the appellees were granted a request to move their counterclaim to circuit court in order to seek damages beyond the county court’s jurisdiction. After the matter was transferred to circuit court, the appellees moved to dismiss the appellant’s action against the security bond on the basis that the appellant had not timely initiated an action against the security bond in a court of competent jurisdiction as required by sections 713.22 and 713.24(4), Florida Statutes (2000). We affirm the circuit court’s order granting the appellees’ motion to dismiss with prejudice the appellant’s action against the security bond.
Circuit courts have exclusive jurisdiction over actions against liens transferred to security bonds. See § 713.24(3), Fla. Stat. (2000); see also Current Control, Inc. v. Bankers Ins. Co., 679 So.2d 78, 78-79 (Fla. 5th DCA 1996); Stel-Den of America, Inc. v. Roof Structures, Inc., 438 So.2d 882, 884 (Fla. 4th DCA 1983). Moreover, unless an owner elects to shorten the time for filing an action against a bond by following the procedures set forth in section 713.22(2), Florida Statutes, an action against a transferred lien must be filed — in the circuit court — within one year of the date that the transferred lien is recorded or the security must be returned. See §§ 713.22(1) & (2); 713.24(4), Fla. Stat. (2000). Florida construction lien *602 laws must be strictly construed. See, e.g., Stunkel v. Gazebo Landscaping Design, Inc., 660 So.2d 623, 625 (Fla.1995). Thus, even though the appellant’s original action against the construction lien was properly within the county court’s jurisdiction, the county court lost jurisdiction over the matter as soon as the construction lien was transferred to a security bond.
Because the county court did not have jurisdiction over the action against a security bond and because the appellant did not timely move the action to circuit court, the circuit court’s order dismissing the action with prejudice is AFFIRMED.
DAVIS, BENTON and BROWNING, JJ., concur.