NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GEORGIA HILLER,                          )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D15-2827
                                         )
PHOENIX ASSOCIATES OF SOUTH              )
FLORIDA, INC.,                           )
                                         )
          Appellee.                      )
                                         )
_____   )

Opinion filed April 8, 2016.

Appeal from the Circuit Court for Collier
County; Cynthia A. Pivacek, Judge.

Alan B. Rose and Daniel A. Thomas of
Mrachek, Fitzgerald, Rose, Konopka,
Thomas & Weiss, P.A., West Palm Beach,
for Appellant.

Thomas William Franchino of Thomas W.
Franchino, P.A., Naples, for Appellee.


CRENSHAW, Judge.

          Georgia Hiller appeals the trial court's order denying her motion for

release of a transfer bond filed under section 713.24, Florida Statutes (2014).  Because

the lienor, Phoenix Associates of South Florida, Inc., failed to timely commence an

action on the transfer bond, we reverse.

This appeal spawns from the alleged breach of an oral contract between Hiller and Phoenix for construction work performed by Phoenix on Hiller's home. When Hiller failed to compensate Phoenix for the work, Phoenix took advantage of the special statutory lien rights afforded to it under Chapter 713 by recording a claim of lien on Hiller's property for the amount due under the contract. Phoenix then timely commenced an action on the claim of lien by filing a complaint against Hiller for foreclosure of the lien, breach of contract, and unjust enrichment.

After Phoenix commenced the action on the lien, Hiller also took advantage of these special statutory lien rights by posting a transfer bond thereby transferring the lien on the real property to a surety bond and removing the cloud on her property's title. Hiller then filed a notice of contest under section 713.22(2), shortening the time within which Phoenix could commence an action on the transfer bond to sixty days from the date of service of the notice. Despite having notice of the transfer and the notice of contest, Phoenix failed to commence an action on the surety within the shortened time period. After the expiration of the shortened period, Phoenix filed a motion for leave to file a supplemental complaint naming the surety of the transfer bond as a party to its pending action on the lien. Operating under the presumption that the transfer bond automatically extinguished by operation of law after the sixty days elapsed, Hiller filed a motion seeking, among other things, an order from the court directing the clerk to release the transfer bond.

During a hearing on these motions Hiller directed the trial court to Cool Guys, LLC v. Jomar Properties, LLC, 84 So. 3d 1076, 1078 (Fla. 4th DCA 2012), and argued that regardless of the action Phoenix commenced against Hiller prior to transfer,

- 2 -

Phoenix had to commence an action against the surety or the transfer bond would extinguish automatically by operation of section 713.22(2). Phoenix took the position that because it timely commenced an action on the lien before it was transferred there was no deadline to commence an action against the surety and instead Phoenix merely needed to add the surety to its pending action "at some point." Relying on American Fire & Casualty Co. v. Davis Water & Waste Industries, Inc., 377 So. 2d 164, 164 (Fla. 1979), the trial court found that the suit to enforce the lien was timely filed and "[t]he delay in joining the surety . . . did not violate the statute or prejudice the surety in any way." Based on these findings the trial court denied Hiller's motion for return of the transfer bond and granted Phoenix's motion to file the supplemental complaint.

"[T]he mechanics' lien law is to be strictly construed in every particular and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute." Home Elec. of Dade Cty., Inc. v. Gonas, 547 So. 2d 109, 111 (Fla. 1989) (quoting Palmer Elec. Servs., Inc. v. Filler, 482 So. 2d 509, 510 (Fla. 2d DCA 1986)); see, e.g., Dracon Constr., Inc. v. Facility Constr. Mgmt., Inc., 828 So. 2d 1069, 1071 (Fla. 4th DCA 2002) ("In a special statutory proceeding, such as one under section 713.21(4), the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure."); N. Am. Speciality Ins. Co. v. Bergeron Land Dev., Inc., 745 So. 2d 359, 360 (Fla. 4th DCA 1999) ("It is settled law that recovery may not be allowed where the moving party does not comply with the time restrictions and notice requirements of the controlling statute.").

Section 713.24 provides a mechanism for an owner whose property is encumbered by a lien under that chapter to obtain clear title by transferring the lien to

another security.  See, e.g., Deltona Corp. v. Indian Palms, Inc., 323 So. 2d 282, 283

(Fla. 2d DCA 1975) ("Now obviously the purpose of s 713.24, supra, is to permit any

owner, whether or not he is in privity with a lienor, to remove the cloud of a lien from his

property against which the lien is impressed; and he may do so either before or after

suit.").  If an owner elects to file a transfer bond and complies with the statutory

requirements to do so, "the real property shall thereupon be released from the lien

claimed, and such lien shall be transferred to said security."  See § 713.24(1).

Importantly, section 713.24(4) provides for the scenario where, as in this case, a claim

was pending on the lien at the time it was transferred:

> If a proceeding to enforce a lien is commenced in a court of
> competent jurisdiction within the time specified in s. 713.22
> and, during such proceeding, the lien is transferred pursuant
> to this section or s. 713.13(1)(e), an action commenced
> within 1 year after the transfer, unless otherwise shortened
> by operation of law, in the same county or circuit court to
> recover against the security shall be deemed to have been
> brought as of the date of filing the action to enforce the lien,
> and the court shall have jurisdiction over the action.

Pursuant to the "unless otherwise shortened by operation of law"

language in section 713.24(4), section 713.22(2) allows the owner to shorten the time

period to commence an action on the security by filing a notice of contest, as Hiller did

here.  See, e.g., W.W. Plastering, Inc. v. Chism Constr. Inc., 867 So. 2d 600, 601 (Fla.

1st DCA 2004) ("[U]nless an owner elects to shorten the time for filing an action against

a bond by following the procedures set forth in section 713.22(2), Florida Statutes, an

action against a transferred lien must be filed—in the circuit court—within one year of

the date that the transferred lien is recorded or the security must be returned.").  After

service of the notice of contest "[t]he lien of any lienor upon whom such notice is served

and who fails to institute a suit to enforce his or her lien within 60 days after service of

- 4 -

such notice shall be extinguished automatically." § 713.22(2). Accordingly, the failure to bring an action against the surety within a certain time period after the transfer results in the extinguishment of the right to make a claim on the bond. See N. Am. Speciality, 745 So. 2d at 361 (quoting Regal Wood Prods., Inc. v. First Wis. Nat'l Bank of Milwaukee, 347 So. 2d 643, 644-45 (Fla. 4th DCA 1977) ("This is not like an ordinary statute of limitation affecting merely the remedy, but it enters into and becomes a part of the right of action itself, and if allowed to elapse without the institution of the action, such right of action becomes extinguished and is gone forever.")).

It is undisputed that Phoenix took no action in this case within sixty days after Hiller transferred the lien to a bond and served the notice of contest. It is this failure on the part of Phoenix that compels reversal in this case. The fact that Phoenix had a proceeding pending against the lien at the time of the transfer did not excuse compliance with the other provisions of chapter 713. See Cool Guys, LLC, 84 So. 3d at 1078 (explaining that section 713.24(4) unambiguously provides that when a lien is transferred while a foreclosure suit is pending, a claim must still be brought against the surety). And because the legislature amended section 713.24(4) in 2005 to include the requirement that an action be commenced to recover against the security when a lien is transferred to said security during a proceeding to enforce the lien, see id. at 1077-78, the trial court erred when it relied on American Fire & Casualty Co., 377 So. 2d at 164—a case interpreting a pre-amendment version of section 713.24(4)—to find that Phoenix's delay in joining the surety did not "violate the statute."

In light of the nature of this special statutory proceeding, we cannot accept Phoenix's contention that there was no deadline to bring a claim against the surety. As the supreme court has explained,

> [t]he purpose of the fixed periods provided in such statutory remedies as the one here involved of the Mechanics' Lien Law was to make definite and certain the time within which the matter can be considered as ended. It affects more than the immediate parties in many instances; there are lenders, buyers and others who rely on the fixed periods of time in the lien law. This assurance should not be destroyed by an "open-ended" right of amendment by a lienor beyond the period provided by statute. A correction or change by way of an amendment to a basic claim or of a timely suit upon that claim is of course allowable, but such an amendment does not toll the statutory times to file the lien or suit.

Jack Stilson & Co. v. Caloosa Bayview Corp., 278 So. 2d 282, 283 (Fla. 1973); see also Vic Tanny of Fla., Inc. v. Fred McGilvray, Inc., 348 So. 2d 648, 650 (Fla. 3d DCA 1977) (reversing a judgment foreclosing a mechanic's lien because the lien lapsed when the lienor filed a foreclosure complaint after a transfer bond was posted but failed to name the surety on the transfer bond as a party to the suit until more than sixty days after the filing of a notice of contest). And contrary to Phoenix's argument, this construction of the statute does not prejudice a party in Phoenix's position because nothing prevented Phoenix from timely commencing an action against the transferred security in order to preserve its lien rights and Phoenix is still free to pursue its underlying contract claims against Hiller as the two are in privity. See, e.g., Matrix Constr. Corp. v. Mecca Constr. Inc., 578 So. 2d 388, 389 (Fla. 3d DCA 1991) ("The cancellation of a mechanic's lien does not leave the lienor without a remedy because such a lienor may nevertheless enforce his contractual claim."). Phoenix's failure to timely commence an action against the surety simply means it may no longer encumber Hiller's property, real or personal,

until it obtains a final judgment.  This comports with the purpose behind the special statutory proceeding, namely that owners and lienors alike receive timely and certain resolution of the Chapter 713 litigation.  See, e.g., Harris Paint Co. v. Multicon Properties, Inc., 326 So. 2d 43, 44 (Fla. 1st DCA 1976) ("A fundamental purpose of the limitation periods established by F.S. s 713.22(1) and s 713.24(4) is the speedy determination of mechanic's lien claims.").

Reversed and remanded.


KELLY and KHOUZAM, JJ., Concur.