DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERT RABIL** and **TAMARA RABIL,**
Appellants,

v.

**SEASIDE BUILDERS, LLC,**
Appellee.

No. 4D17-166

[August 30, 2017]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 2016CA006056XXXXMB.

Alan B. Rose and Daniel A. Thomas of Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A., West Palm Beach, for appellants.

John H. Pelzer and Glenn N. Smith of Greenspoon Marder, P.A., Fort Lauderdale, for appellee.

MAY, J.

Homeowners appeal an order denying their motion for release of a lien transfer bond. They argue the trial court erred in denying their motion and imposing notice on the contractor's counsel, which is not required by section 713.22(2), Florida Statutes (2016). We agree and reverse.

The homeowners entered into an agreement with the contractor for construction of a single-family home. In May 2016, after disputes arose between the parties, the contractor recorded a mechanic's lien against the property under Chapter 713 and filed suit against the homeowners to foreclose the lien. The contractor also recorded a lis pendens against the property.

The homeowners subsequently posted a lien transfer bond and recorded a notice of contest of lien. On July 27, 2016, the clerk recorded a certificate of transfer and mailed a copy to the contractor with the notice of contest.

On October 10, 2016, the homeowners moved to release the bond, dismiss the foreclosure complaint, and discharge the lis pendens. They argued that under sections 713.22 and 713.24, Florida Statutes, the property was released from the lien because the contractor failed to file suit against the surety within sixty days of the recording of their notice of contest. Yet, the clerk refused to release the bond without a court order after the contractor objected.

The contractor responded by arguing the homeowners' motion should be denied based on "principles of equity and excusable neglect." The contractor and its counsel claimed they were unaware of the lien transfer bond and the notice of contest until the homeowners requested the clerk to release the bond.

At the hearing on the homeowners' motion, the court took issue with the homeowners' failure to send copies of the lien transfer bond and notice of contest to the contractor's counsel. And, the court found that the notice of contest failed to advise the contractor that it needed to file suit against the bond surety within sixty days. Homeowners' counsel argued that appropriate notice was given under the statute. Nevertheless, the court denied the motion and allowed the contractor to file an amended complaint naming the bond surety as a party. From this order, the homeowners appeal.

We have de novo review. *See Major League Baseball v. Morsani*, 790 So. 2d 1071, 1074 (Fla. 2001).

The homeowners maintain that, when they posted the lien transfer bond, the lien was transferred to the bond surety and the property was released from the lien. *See* § 713.24(1), Fla. Stat. (2016). Once they recorded a notice of contest of lien, the contractor had sixty days to file suit against the bond surety to enforce the lien. *See* § 713.22(2). The clerk was required to serve a copy of the notice of contest on the contractor at the address shown on the claim of lien, which it did. *See id.*

The contractor admits receiving the notice, but claims it was received by the contractor's secretary rather than being delivered to a corporate officer or its counsel. It claims that it did not receive notice until after the sixty days expired.

No one disputes the homeowners followed the statutory procedure. But, the contractor argues that the statutory notice provision of section 713.22(2) violates due process because it does not require service on opposing counsel or that the lienor be informed that an additional suit

2

must be filed.  We reject those arguments.

The legislature has provided a statutory scheme, which we must strictly construe.  *See Krasne-Gold Coast Joint Venture v. Allied Drywall, Inc.*, 573 So. 2d 194, 195 (Fla. 4th DCA 1991).  The homeowners complied with that statutory scheme.  They posted a lien transfer bond and recorded a notice of contest of the lien.  The clerk properly noticed the contractor.  Because the contractor did not file suit against the surety within sixty days, the lien was automatically extinguished by operation of law, and the clerk was obligated to release the bond.  *See* §§ 713.22(2), 713.24(4); *see also Hiller v. Phoenix Assocs. of So. Fla.*, 189 So. 3d 272 (Fla. 2d DCA 2016); *Cool Guys, LLC v. Jomar Props., LLC*, 84 So. 3d 1076 (Fla. 4th DCA 2012).

We therefore reverse and remand for the trial court to release the bond and discharge the lis pendens.

*Reversed and Remanded.*

TAYLOR and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3