DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

JON M. HALL COMPANY, LLC, a Florida limited liability
company,

Petitioner,

v.

CANOE CREEK INVESTMENTS, LLC, a Florida limited
liability company; NEAL COMMUNITIES OF SOUTHWEST
FLORIDA, LLC, a Florida limited liability company; and MML
II, LLC, a Florida limited liability company,

Respondents.

No. 2D23-1368

————————————————

April 12, 2024

Petition for Writ of Certiorari to the Circuit Court for Manatee County;
Charles P. Sniffen, Judge.

Robert W. Schrimpf of Roetzel & Andress, P.A., Fort Myers, for Petitioner.

Marie A. Borland, Erik P. Raines, and Andrew Holway of Hill, Ward &
Henderson, P.A., Tampa, for Respondents.

KHOUZAM, Judge.

Petitioner Jon M. Hall Company, LLC (Hall), timely seeks a writ of
certiorari to quash a circuit court order in favor of Respondents Canoe
Creek Investments, LLC, Neal Communities of Southwest Florida, LLC,

and MML II, LLC (collectively, Canoe Creek). The order grants partial summary judgment for Canoe Creek on Count II of Hall's complaint (for foreclosure of a construction lien) and also denies Hall's motion for leave to amend the complaint to add a new defendant and assert new claims.

In this court, Hall frames two issues, challenging both of the trial court's rulings as departures from the essential requirements of the law. Because Hall has not demonstrated any departure, we deny the petition. We write to discuss Hall's contention that the trial court misconstrued sections 713.22 and 713.24, Florida Statutes (2022),[1] in concluding that Hall's claim of lien was extinguished by operation of law.

## BACKGROUND

The parties entered into a contract in March 2020, under which Canoe Creek was to pay Hall to provide construction and other services at Canoe Creek's property. A dispute arose: Hall contended it performed all work under the contract; Canoe Creek disagreed and refused to pay.

On April 14, 2022, Hall recorded a claim of lien on Canoe Creek's property in the amount of $825,639.46 (the Original Claim of Lien). The following month, on May 17, 2022, Canoe Creek transferred the Original Claim of Lien to a lien transfer bond pursuant to section 713.24(1)(b). Three days later, on May 20, 2022, Canoe Creek recorded a notice of contest of Hall's lien pursuant to section 713.22(2).

In late May 2022, Hall recorded an amended claim of lien on Canoe Creek's property in the new amount of $1,837,516.76 (the Amended Claim of Lien).

On June 14, 2022, Hall filed a five-count complaint against Canoe Creek. Hall's complaint does not name the bond surety as a defendant.

_____

[1] Although these statutes were amended in 2023, the underlying events occurred in 2022, so the previous versions apply here.

2

Relevant here is Count II for foreclosure of construction lien. Therein, Hall identified both its Original Claim of Lien and its Amended Claim of Lien, seeking to foreclose in the amount of the higher Amended Claim of Lien. Hall's complaint does not mention Canoe Creek's transfer of the Original Claim of Lien to the surety or Canoe Creek's recorded notice of contest of Hall's Original Claim of Lien. Hall's complaint does not mention the transfer bond, much less assert a claim against it.

About two weeks later, on July 1, 2022, Canoe Creek transferred the Amended Claim of Lien to a lien transfer bond pursuant to section 713.24(1)(b). The surety was the same as for the Original Claim of Lien. On the same day that Canoe Creek transferred Hall's Amended Claim of Lien to bond, Canoe Creek also recorded a notice of contest of Hall's Amended Claim of Lien pursuant to section 713.22(2).

On December 19, 2022, five months after Canoe Creek transferred Hall's Amended Claim of Lien to bond and recorded its notice of contest of it, Canoe Creek moved for partial summary judgment on Count II, Hall's claim for foreclosure of construction lien. Canoe Creek asserted that transferring to bond and recording notices of contest as to both Hall's Original Claim of Lien and Amended Claim of Lien had shortened the time for Hall to bring an action against the bond. Hall had failed to timely do so, thereby resulting in the automatic extinguishment of the lien as a matter of law. Hall opposed the motion.

On February 13, 2023, two months after the summary judgment motion was filed but before it was ruled upon, Hall moved to amend its complaint. Relevant here, Hall sought to add the surety as a defendant to Count II, its claim for foreclosure of construction lien.

Following a hearing on May 9, 2022, the trial court granted Canoe Creek's motion for partial summary judgment on Count II. The court

3

reasoned that under sections 713.22(2) and 713.24(1)(b) and (4), Canoe Creek's transfer and recording of the notice of contest as to the Amended Claim of Lien during the litigation shortened the time for Hall to bring a claim against the bond to sixty days, and Hall's failure to timely do so extinguished its lien automatically as a matter of law. After the trial court reduced its ruling to writing, it entered an agreed upon stay pending appellate review, and Hall's petition timely followed.

## ANALYSIS

### Certiorari Jurisdiction and Legal Standard

As a threshold matter, the parties agree that under this court's decision in *Farrey's Wholesale Hardware Co. v. Coltin Electrical Services, LLC*, 263 So. 3d 168, 179 (Fla. 2d DCA 2018), Hall has satisfied the jurisdictional requirements for certiorari review. That is because "potentially losing the benefit of a recovery under a bond on a claim to enforce a lien constitutes the type of irreparable harm necessary to entitle a party to certiorari relief." *Id.* (citing *Gator Boring & Trenching, Inc. v. Westra Constr. Corp.*, 210 So. 3d 175, 181 (Fla. 2d DCA 2016)).

Thus, the remaining question is whether the trial court departed from the essential requirements of the law, which "is something more than a simple legal error." *See Allstate Ins. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003) (citing *Ivey v. Allstate Ins.*, 774 So. 2d 679, 682 (Fla. 2000)). "A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Id.*

Further, "certiorari jurisdiction cannot be used to create new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied," as in that event, "the law at issue is not a clearly established

4

principle of law." *Nader v. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 723 (Fla. 2012) (citing *Ivey*, 774 So. 2d at 682-83).

The Parties' Arguments

Hall contends the trial court departed from the essential requirements of the law by misinterpreting sections 713.22 and 713.24. Hall raises several arguments, relying principally on its factual assertion that Canoe Creek "did <u>not</u> transfer their lien during this proceeding. It was transferred just prior." (Emphasis added.)

On that express basis, Hall asserts that the court wrongly applied section 713.24(4), which addresses circumstances in which the lien is transferred during litigation. According to Hall, "there was no time limit on when Hall could bring its claim against [the surety], so long as it had timely initiated suit on the lien claim against the property owner."

But as Canoe Creek persuasively responds, this argument ignores Hall's Amended Claim of Lien, which is more than double the amount of the Original Claim of Lien and upon which Hall's foreclosure claim seeks relief. That Amended Claim of Lien undisputedly <u>was</u> transferred to bond and noticed for contest by Canoe Creek during the litigation.

Thus, as illustrated by *Hiller v. Phoenix Associates of South Florida, Inc.*, 189 So. 3d 272 (Fla. 2d DCA), *review denied*, No. SC16–711, 2016 WL 3522783 (Fla. June 28, 2016), upon the recording of the notice of contest of the transferred Amended Claim of Lien, section 713.22(2) operated to shorten the time for Hall to bring a claim against the bond to sixty days. As we now explain, because Hall did not seek to bring such a claim within the sixty-day statutory window—instead, waiting an additional five months after the window expired—its lien was "extinguished automatically" as provided by section 713.22(2).

5

Statutory Analysis

Our supreme court has specified that "[t]he purpose of the fixed periods provided in such statutory remedies as . . . the Mechanics' Lien Law was to make definite and certain the time within which the matter can be considered as ended." *Jack Stilson & Co. v. Caloosa Bayview Corp.*, 278 So. 2d 282, 283 (Fla. 1973). The legislative remedy "affects more than the immediate parties in many instances; there are lenders, buyers and others who rely on the fixed periods of time in the lien law. This assurance should not be destroyed by an 'open-ended' right of amendment by a lienor beyond the period provided by statute." *Id.*

To that end, "[t]he mechanics' lien law is to be strictly construed in every particular and strict compliance is an indispensable prerequisite for a person seeking affirmative relief under the statute." *Hiller*, 189 So. 3d at 274 (quoting *Home Elec. of Dade Cnty., Inc. v. Gonas*, 547 So. 2d 109, 111 (Fla. 1989)). In such proceedings, "the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure." *Id.* (quoting *Dracon Constr., Inc. v. Facility Constr. Mgmt.*, 828 So. 2d 1069, 1071 (Fla. 4th DCA 2002)). Thus, "[i]t is settled law that recovery may not be allowed where the moving party does not comply with the time restrictions and notice requirements of" chapter 713. *Id.* (quoting *N. Am. Spec. Ins. v. Bergeron Land Dev., Inc.*, 745 So. 2d 359, 360 (Fla. 4th DCA 1999)).

The two construction lien statutes at the heart of this dispute are section 713.22 and section 713.24. Section 713.22(1) sets a general one-year deadline for a party who has recorded a claim of lien to bring an action to enforce the lien. But subsection (2) of that statute states that "[a]n owner . . . may elect to shorten the time prescribed in subsection (1) within which to commence an action to enforce <u>any claim of lien or claim</u>

6

against a bond or other security under . . . s. 713.24 by recording in the clerk's office a" notice of contest of lien. (Emphasis added.) It provides further that "[t]he lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his or her lien within 60 days after service of such notice shall be extinguished automatically." *Id.*

With respect to transfers, section 713.24(1)(b) provides that "[a]ny lien claimed under this part may be transferred . . . from such real property to other security" by, as relevant here, filing in the clerk's office a bond executed by a surety. The clerk is thereafter obligated to "make and record a certificate showing the transfer of the lien from the real property to the security." *Id.* "Upon filing the certificate of transfer, the real property shall thereupon be released from the lien claimed, and such lien shall be transferred to said security." *Id.*

Section 713.24(4) provides that where "a proceeding to enforce a transferred lien is not commenced within the time specified in s. 713.22," the clerk must return the security upon request. However, that same subsection continues:

> If a proceeding to enforce a lien is commenced in a court of competent jurisdiction within the time specified in s. 713.22 and, during such proceeding, the lien is transferred pursuant to this section[,] . . . an action commenced within 1 year after the transfer, unless otherwise shortened by operation of law, in the same county or circuit court to recover against the security shall be deemed to have been brought as of the date of filing the action to enforce the lien, and the court shall have jurisdiction over the action.

(Emphasis added.)

Construing these two statutes together, this court has expressly held that the "unless otherwise shortened by operation of law" language in section 713.24(4) encompasses the time-shortening provision of section 713.22(2). *Hiller,* 189 So. 3d at 275 ("Pursuant to the 'unless

7

otherwise shortened by operation of law' language in section 713.24(4), section 713.22(2) allows the owner to shorten the time period to commence an action on the security by filing a notice of contest . . . .").

Thus, under the plain statutory language, where a lien is transferred to a bond during litigation, and the owner records a notice of contest, the lienor has "60 days" "within which to commence an action to enforce any claim of lien or claim against a bond," or else the "lien . . . shall be extinguished automatically." *See* §§ 713.22(2), .24(4); *Hiller*, 189 So. 3d at 275 ("Accordingly, the failure to bring an action against the surety within [sixty days] after the transfer results in the extinguishment of the right to make a claim on the bond."); *Rabil v. Seaside Builders, LLC*, 226 So. 3d 935, 937 (Fla. 4th DCA 2017) ("[The homeowners] posted a lien transfer bond and recorded a notice of contest of the lien. . . . Because the contractor did not file suit against the surety within sixty days, the lien was automatically extinguished by operation of law . . . .").

Here, it is true that Hall's Original Claim of Lien was recorded, transferred, and noticed for contest before the litigation commenced. However, before the June 2022 lawsuit, Hall also recorded an Amended Claim of Lien, more than doubling the amount claimed. Hall thereafter filed its complaint, expressly acknowledging and seeking to recover on the higher Amended Claim of Lien. Two weeks later, Canoe Creek transferred the Amended Claim of Lien to the bond and recorded its notice of contest thereof, just as it had with the original one.

Thus, after Hall commenced litigation on its Amended Claim of Lien, Canoe Creek's actions in transferring the Amended Claim of Lien to bond under section 713.24 and then recording its notice of contest of the Amended Claim of Lien under section 713.22(2) operated to shorten the

8

time period for Hall to bring an action against the surety on the bond to sixty days. *See Hiller*, 189 So. 3d at 275; *Rabil*, 226 So. 3d at 937.

In the petition, Hall's argument ignores the facts surrounding its Amended Claim of Lien, asserting unequivocally that Canoe Creek "did not transfer their lien during this proceeding. It was transferred just prior," referring only to the Original Claim of Lien. Even though Canoe Creek's response identifies that the Amended Claim of Lien was transferred during the suit, Hall continues to rely in reply on the transfer of the Original Claim of Lien, stating "[t]his lawsuit was commenced within 60 days of that initial transfer, and thus was timely."

But that is not the issue at hand; nobody has asserted that Hall's still-pending <u>lawsuit</u> against <u>Canoe Creek</u> was untimely. Instead, the summary judgment question is the legal effect of Hall's failure to seek to bring a claim against the surety on the bond for more than sixty days after Canoe Creek transferred the Amended Claim of Lien during the litigation and recorded its notice of contest of lien.

On that question, the statutory language is quite clear: after Hall "commenced" this "proceeding to enforce a lien" expressly seeking to recover on its Amended Claim of Lien, "during such proceeding, the lien [wa]s transferred" by Canoe Creek. *See* § 713.24(4). When Canoe Creek, as the owner of the property, recorded its notice of contest of the transferred Amended Claim of Lien, that "shorten[ed] the time . . . within which to commence an action to enforce any claim of lien <u>or claim against a bond or other security</u>." *See* § 713.22(2) (emphasis added). Hall's failure to seek to claim against the bond within sixty days thereafter caused its lien to "be extinguished automatically" by operation of law. *See id.*; *see also Hiller*, 189 So. 3d at 275; *Rabil*, 226 So. 3d at 937.

9

Hall contends "this case is wholly distinguishable from *Hiller*" on the basis that Hall's Original Claim of Lien was transferred to bond <u>before</u> Hall commenced this lawsuit, whereas in *Hiller* the transfer occurred <u>after</u> the lawsuit was filed. *See Hiller*, 189 So. 3d at 273-74. But like in *Hiller*, Canoe Creek transferred the operative claim of lien— Hall's Amended Claim of Lien—<u>after</u> the lawsuit was filed. Hall fails to persuasively explain why the statutory language as interpreted in *Hiller* would not apply with full force to such a claim, particularly where Hall's foreclosure count sought relief on its higher Amended Claim of Lien.

Further, even if this distinction were legally relevant in this case, it was not a departure from the essential requirements of the law for the trial court to rely on *Hiller*, which is otherwise directly on point. *See Nader*, 87 So. 3d at 723. In fact, had the court declined to follow *Hiller*, that may well have been a departure. *See Dep't of Highway Safety & Motor Vehicles v. Walsh*, 204 So. 3d 169, 171 (Fla. 1st DCA 2016) ("This failure to follow [controlling case] was a profound error, amounting to a clear departure from the essential requirements of law . . . .").

In its reply, Hall acknowledges the postcommencement transfer of its Amended Claim of Lien, but asserts that the only transfer that matters was the original because "there can be only one claim of lien," citing to *Jack Stilson & Co.*, 278 So. 2d at 283. Although this general proposition is true, it does not operate to preserve the lien past its express statutory endpoint.

In addition to the foregoing plain language analysis of sections 713.22 and 713.24, section 713.08(4)(b) states that claims of lien "may be amended at any time during the period allowed for recording such claim of lien, <u>provided that such amendment shall not cause any person</u>

to suffer any detriment by having acted in good faith in reliance upon such claim of lien as originally recorded." (Emphasis added.)

Hall's argument—that the transfer of the Amended Claim of Lien was irrelevant because the "only" claim of lien had already been transferred—would violate this provision by eviscerating Canoe Creek's statutory rights both to release its property from the Amended Claim of Lien and to shorten the time for Hall to claim against the bond. Hall cannot have it both ways: if amending its claim of lien allowed Hall to encumber Canoe Creek's property and seek more money in foreclosure, then Canoe Creek was likewise allowed to take "advantage of these special statutory lien rights by posting a transfer bond thereby transferring the lien on the real property to a surety bond and removing the cloud on [the] property's title." *Hiller*, 189 So. 3d at 273-74.

Hall also asserts that both of Canoe Creek's notices of contest of lien were invalid because they were recorded after Canoe Creek had already transferred the claims of lien to bond. But Hall has not cited, nor have we found, any support for this claim. Indeed, the only case Hall cites for this proposition involved the same order of events, without suggesting there was anything improper about it. *See Woolems, Inc. v. Catalina Caststone Creations, Inc.*, 358 So. 3d 1265, 1266-67 (Fla. 3d DCA 2023) (lien transfer bond filed June 22, 2021; first notice of contest of lien filed June 29, 2021). Other cases likewise follow this pattern. *See, e.g.*, *Hiller*, 189 So. 3d at 273-74 (stating that Hiller "post[ed] a transfer bond thereby transferring the lien on the real property to a surety bond and removing the cloud on her property's title. Hiller then filed a notice of contest under section 713.22(2)" (emphasis added)); *Rabil*, 226 So. 3d at 936 ("The homeowners subsequently posted a lien transfer bond and recorded a notice of contest of lien.").

Hall contends in the alternative that, even if Canoe Creek's transfer of the Amended Claim of Lien was relevant and appropriate, Hall's lien was not extinguished because it "commenced" this suit against Canoe Creek within sixty days of the transfer of the Original Claim of Lien. According to Hall, "there was no time limit on when Hall could bring its claim against [the surety], so long as it timely initiated suit on the lien claim against the property owner."  Hall is incorrect.

To begin with, this argument was rejected in *Hiller*.  Acknowledging "the nature of this special statutory proceeding," this court dismissed the "contention that there was no deadline to bring a claim against the surety."  189 So. 3d at 275.  Rather, "the fact that [the lienor] had a proceeding pending against the lien at the time of the transfer did not excuse compliance with the other provisions of chapter 713."  *Id.*

Further, even though Hall had already "commenced" this action against Canoe Creek, that does not mean it was also "commenced" as to the nonparty surety.  Rather, this court has held that an existing action is not "commenced" as to a party until that party is named in the lawsuit.  *See Arizone v. Homeowners Choice Prop. & Cas. Ins.*, 313 So. 3d 913, 915-16 (Fla. 2d DCA 2021) (holding lawsuit initiated March 2016 by one plaintiff was not "commenced" as to another plaintiff until August 2016 upon filing of amended complaint naming second plaintiff as party).

Hall also relies on *Woolems*, in which the Third District affirmed a ruling that an amended counterclaim to enforce a lien "was timely filed, although it was filed outside the limitations period provided by sections 713.22 and .24," based on the relation-back doctrine.  358 So. 3d at 1268.  Although Hall maintains it is "not making a 'relation-back' argument" here, it nonetheless says *Woolems* shows "that a plaintiff could pursue its claim to foreclose a mechanic's lien even though that

12

claim was filed well after the 60-day period as construed by the trial court."

But unlike *Hiller*, *Woolems* is truly distinguishable on a fundamental point: there, the "amended counterclaim filed outside the limitations period did not introduce a new party; the real parties, interests, and essential elements of controversy remained the same." *Id.* (emphasis added). The Third District then emphasized the point, saying although "[g]enerally, 'the relation-back doctrine does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations period has expired[,]' [t]hat is not the case here." *Id.* (emphasis added) (footnote omitted) (citation omitted) (quoting *Caduceus Props., LLC v. Graney*, 137 So. 3d 987, 994 (Fla. 2014)). Thus, *Woolems* does not support renewing an extinguished lien, nor does it support Hall's alternative request to add a new party defendant.

Ultimately, because Hall has not established a departure from the essential requirements of the law, we deny the petition.

Denied.


CASANUEVA and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.